## Heaffer *versus* New Era Life Insurance Company of 1876.

1. In an action of covenant on a policy of insurance, the plaintiff, in order to prove the death of the insured, and a compliance with the conditions of the policy as to proof of loss, called upon the defendant company to produce "all proofs of the death" of the insured. The defendant produced a package, containing those proofs, which the plaintiff had furnished it, and also several other papers. *Held,* that the plaintiff was not bound to offer all the papers in evidence, but might select only those which he had furnished to the defendant.

2. Where the court below ruled out the proofs of death which plaintiff desired to offer in evidence unless all the other papers produced by defendant were offered with them, this was error, and the plaintiff was not bound to go on and prove the remainder of his case.

June 2d 1882. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ.

[Heaffer *v.* New Era Life Ins. Co.]

ERROR to the Court of Common Pleas of *Adams county :* Of May Term 1882, No. 64.

This was an action of covenant by William Heaffer against the New Era Life Insurance Company (now the New Era Life Association) on a policy of insurance for $3,000 issued by said company, on the life of Ida Flickinger.

At the trial before McCLEAN, P. J., the plaintiff offered in evidence a policy of insurance, issued by the defendant company, January 23d 1878, on the life of Ida Flickinger for the benefit of her husband, for the sum of $3,000. This the plaintiff followed by proof of assignments of said policy, duly approved by the company, from Flickinger to one Bair, and from Bair to the plaintiff; and also by proof of the payment by plaintiff of all assessments made by the company on the policy, and of the annual dues thereon for a year from January 23d 1879.

The plaintiff then offered some evidence of the death of Mrs. Flickinger, which occurred November 12th 1879, and called upon the defendant, under the rule of court, to produce " all proofs of death of Ida Flickinger ;" meaning thereby those proofs of death with which he had furnished the defendant, in accordance with the provisions of the policy, before bringing suit. The defendant's counsel thereupon handed to plaintiff a package of papers from which the latter selected those he desired. The other papers produced by defendant were certain letters purporting to have been written by Flickinger, declaring that he had never made any application for the policy, and denying its existence by his authority.

In reference to the receipt of these papers in evidence the court ruled as follows : " The papers produced by the company should be received together and in whole, and not in part, agreeably to the contract of insurance in evidence, as bearing on the question of damages claimed by the plaintiff. The effect of the papers to be determined hereafter." Exception.

Upon motion of the defendant the court entered a judgment of non-suit ; which, upon argument, it subsequently refused to take off. Thereupon the plaintiff took this writ, assigning for error the action of the court in refusing the proof as offered by him ; and in refusing to take off the non-suit.

*William C. Chapman* (with whom was *D. McConaughy*), for plaintiff in error.—There certainly is no rule of law which compels a plaintiff to introduce into his case false and fraudulent letters, against his claim, of the existence of which he has no knowledge, simply because the defendant thrusts them upon him, when called upon by plaintiff to produce certain other papers which he desires to put in evidence.

[Heaffer *v.* New Era Life Ins. Co.]

*David Wills*, for defendant in error.—The court did not rule that the plaintiff must offer all the papers in evidence; but simply that they must be received according to the call for death proofs, "together and in whole"—meaning that they should be received by plaintiff as the response of the defendant to plaintiff's demand; and that the effect of the papers would be determined by the court.

Chief Justice SHARSWOOD delivered the opinion of the court, October 2d 1882.

The plaintiff had a clear right to show that he had complied with the condition of the policy in furnishing proofs of loss. Of the papers produced by the defendant, he had a right to offer such as he chose. He was not bound to offer all, certainly not such as he had not furnished himself. The judge committed a manifest error in refusing to receive some unless he offered all. This was an essential part of the plaintiff's cause of action, and it was not incumbent on him, on it being ruled out, to go on and prove the remainder of his case. It would have been an useless consumption of the public time.

Judgment reversed, and venire facias de novo awarded.