Levi W. Mengel, Administrator etc. of Jonathan S. Keiser, deceased, v. The Northwestern Mutual Life Insurance Company, Appellant.

*Insurance—Warranty—Materiality thereof.*

In an application for life insurance the insured stated that he had always been temperate; that he had consulted a physician within about a year for light influenza. He died four months after the policy was issued, and his administrator, in the proofs of death, showed by the affidavit of the same physician that, during five years preceding the applicant's death, he had attended him for vomiting and nausea caused by overdrinking; and it was the uncontradicted evidence of the said physician that he had attended the applicant within four months prior to the application and prescribed for vomiting and nausea induced by drunkenness. *Held*, that the undisputed facts showed such breach of a material warranty as to require the court to direct a verdict for the defendant.

Argued March 2, 1896. Appeal, No. 338, Jan. T., 1895, by defendant, from judgment of C. P. Berks Co., Jan. T., 1894, No. 18, on verdict for plaintiff. Before Green, McCollum, Mitchell, Dean and Fell, JJ. Reversed.

Assumpsit on policy of life insurance. Before Ermentrout, P. J.

The facts sufficiently appear by the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $1,537.50.

*Error assigned* was, among others, (7) not affirming defendant's second point, quoted in the opinion of the Supreme Court.

*Geo. F. Baer*, of *Baer & Snyder*, with him *W. B. Bechtel* and *Philip S. Zieber*, for appellant.—It was conclusively established by uncontradicted evidence that there was a breach of the warranty of the insured made by his answer to the twenty-third question: U. B. Aid So. v. O'Hara, 120 Pa. 266; Brady v. Ins. Co., 60 Fed. Rep. 727.

The court should withdraw the case from the jury when the undisputed evidence is so conclusive that the court will be compelled to set aside a verdict returned in opposition to it: D. L.

& W. R. Co. v. Converse, 139 U. S. 469; Eister v. Paul, 54 Pa. 196; Angier v. Eaton, Cole & Burnham Co., 98 Pa. 599.

*Cyrus G. Derr*, for appellee, Cited Act of June 23, 1885, sec. 1, P. L. 134, and Ins. Co. v. Foley, 105 U. S. 350; Ins. Co. v. Bank, 122 U. S. 501; Van Valkenburgh v. Ins. Co., 70 N. Y. 605; Ins. Co. v. Francisco, 17 Wallace, 672; Cushman v. Ins. Co., 70 N. Y. 79.

OPINION BY MR. JUSTICE MITCHELL, July 15, 1896:

The verdict in this case was in such flagrant disregard not only of the evidence but of the law even as laid down by the trial judge, that it is difficult to see how the court below allowed it to stand.

In his application for insurance the deceased to the question " Have you always been temperate? " answered " Yes." The incontrovertible proof was that he had been very frequently drunk, and at least six times in the preceding five years, had required the services of a physician from that cause. He died in four months after the policy was taken out, and by plaintiff's own showing in the proofs of death, the remote cause of death was intemperance, and the immediate cause delirium tremens.

The defendant's second point was : " The insured having in his application in answer to question 23 ' How long since you have consulted any physician? For what disease? Give name and residence? ' answered ' About one year, for light influenza, Dr. Jas. W. Keiser, Reading, Pa.,' and the plaintiff having, in the proof of death by the affidavit of Dr. Jas. W. Keiser, shown that during the five years preceding applicant's death, he attended said applicant for ' vomiting and nausea, the effects of overdrinking, the duration being from 12 to 36 hours,' and it being the uncontradicted evidence of said James W. Keiser that he had attended the said applicant within four months prior to the application and prescribed for vomiting and nausea induced by drunkenness, there can be no recovery in this case and the verdict must be for the defendant," and the facts being substantially undisputed, the learned judge reserved the point, but subsequently entered judgment on the verdict. Without going into the other matters assigned for error, the facts admit-

ted in this point show such a breach of a material warranty as to require the court to pronounce upon it as matter of law.

Judgment reversed, and judgment directed to be entered for the defendant on the points reserved.