# Ellen J. Wall *v.* The Royal Society of Good Fellows, Appellants.

*Insurance—Life insurance—Application—Conflicting testimony as to answers—Province of jury.*

In an action upon a policy of life insurance where the defense is that the insured, in his application, made false answers as to his health, and four witnesses for the defendant are contradicted by sixteen witnesses for plaintiff, the case is for the jury, and, if the evidence be fairly and clearly submitted to them, a verdict and judgment for plaintiff will be sustained.

Argued Nov. 3, 1898. Appeal, No. 104, Oct. T., 1898, by defendant, from judgment of C. P. No. 3, Allegheny Co., Feb. T., 1894, No. 756, on verdict for plaintiff. Before GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit upon a policy of life insurance. Before KENNEDY, P. J.

The facts appear by the opinion of the Supreme Court.

Defendant's points and the answers thereto among others were as follows:

9. Edmund F. Wall having on November 14, 1892, to the medical examiner, in answer to the question, "When last attended by a physician and for what cause," answered, "One year ago," and the defendant having shown by Dr. S. L. Wiggins that he attended Edmund F. Wall within one year prior to the date of said answer, and on the several dates of February 3, 1892, May 3 and 12, 1892, June 7, 1892, October 1, 15 and 22, 1892, and November 3, 1892, and that evidence being uncontradicted, it constitutes such breach of a material warranty and concealment and suppression of facts that there can be no recovery by plaintiff and verdict must be for defendant. *Answer:* This point is refused. [1]

10. Edmund F. Wall having on November 14, 1892, to the medical examiner in answer to the questions, "Have any or either of your parents, brothers, sisters, grandparents, uncles, aunts or cousins been afflicted with consumption," or "with pulmonary" or "hereditary disease," answered "No" to each, and the defendant having shown by Dr. J. A. Miller that Thomas

Hickey, a cousin of Edmund F. Wall, who died in June, 1892, as admitted by plaintiff, had consumption, that evidence of Dr. J. A. Miller being uncontradicted, it establishes and proves such breach of warranty that there can be no recovery by plaintiff, and verdict must be for defendant. *Answer:* This point is refused. [2]

11. Edmund F. Wall having on November 14, 1892, to the medical examiner, in answer to the questions, "Have any or either of your parents, brothers, sisters, grandparents, uncles, aunts or cousins been afflicted with consumption," or "with pulmonary" or "hereditary disease," answered "No" to each, and the defendant having shown by Dr. J. B. Black that Johanna Hickey, an aunt of Edmund F. Wall, who died, as shown by the testimony of both parties on November 30, or December 1, 1891, had consumption, that evidence of Dr. J. B. Black being uncontradicted, it establishes and proves such breach of warranty that there can be no recovery by plaintiff, and verdict must be for defendant. *Answer:* This point is refused. [3]

12. Edmund F. Wall having on November 14, 1892, to the medical examiner, in answer to the questions, "Have any or either of your parents, brothers, sisters, grandparents, uncles, aunts or cousins been afflicted with consumption," or "with pulmonary" or "hereditary disease," answered "No" to each, and the defendant having shown by Dr. J. A. Miller that Mary Hickey, a cousin of Edmund F. Wall, had consumption, as found by him, Dr. J. A. Miller, upon his examination of Mary Hickey, at or about the same time as his examination of her brother, Thomas Hickey, who, as admitted by plaintiff, died in June, 1892, that testimony of Dr. J. A. Miller being uncontradicted, it establishes and proves such breach of warranty that there can be no recovery by plaintiff, and verdict must be for defendant. *Answer:* This point is refused. [4]

13. Edmund F. Wall having, on November 14, 1892, to the medical examiner, in answer to the questions, "Have any or either of your parents, brothers, sisters, grandparents, uncles, aunts or cousins been afflicted with consumption," or "with pulmonary" or "hereditary disease," answered "No" to each, and the plaintiff having shown by Dr. Penny, that Patrick Hickey (Henry), a cousin of Edmund F. Wall, had pneumonia, from which he died, and that pneumonia is a disease of the

lungs, plaintiff is bound by that testimony of Dr. Penny, her own witness, which testimony establishes and proves such breach of warranty that there can be no recovery by plaintiff, and verdict must be for defendant. *Answer :* This point is refused. [5]

14. Under all the evidence in this case the verdict must be for the defendant. *Answer :* This point is refused. [6]

Verdict and judgment for plaintiff for $2,489. Defendant appealed.

*Errors assigned* were (1–6) above instructions, quoting them.

*Lev. McQuistion* and *S. A. Will,* for appellant.—Proofs of death of the assured is evidence of what disease he died, and effect should be given to all they prove or tend to prove: Covenant Mut. Ben. Assn. v. Hoffman, 110 Ill. 603 ; Ins. Co. v. Newton, 22 Wallace, 32 ; Niblack on Benefit Societies, sec. 326.

The testimony of Dr. Wiggins was entirely uncontradicted, and established beyond question the falsehood of the answer in question. The effect of such an answer to such a question is fully established in the case of Mut. Aid Society v. O'Hara, 120 Pa. 257 ; 134 Pa. 419.

When Edmund F. Wall omitted to state the cause for which he had been attended, he added an additional falsehood to his statements, which prevented a recovery and, having fraudulently concealed the fact as to the cause for which he had been attended, vitiated the contract: Mengel v. Ins. Co., 176 Pa. 280 ; Foot v. Ætna Life Ins. Co., 61 N. Y. 571 ; Sullivan v. Life Ins. Co., 36 N. Y. St. Rep. 38 ; Dwight v. Life Ins. Co., 103 N. Y. 341 ; Appleby v. Astor Fire Ins. Co., 54 N. Y. 253 ; Neuendorff v. World Mut. Life Ins. Co., 69 N. Y. 389 ; Lomer v. Meeker, 25 N. Y. 361 ; Mut. Aid Society v. White, 100 Pa. 12 ; Life Assn. v. Gillespie, 110 Pa. 84 ; Cushman v. U. S. Life Ins. Co., 70 N. Y. App. 72 ; Barteau v. Phœnix Mut. Life Ins. Co., 67 Barbour, 354.

*William Yost,* for appellee.—Credibility of witnesses is always for the jury: Corcoran v. Mut. Life Ins. Co., 183 Pa. 449 ; Lautner v. Kann, 184 Pa. 338 ; Menner v. D. & H. Canal Co., 7 Pa. Superior Ct. 138 ; Wall v. Royal Society of Good Fellows, 179 Pa. 355 ; O'Hara v. Mut. Aid Soc., 120 Pa. 256.

OPINION BY Mr. JUSTICE McCOLLUM, October 6, 1899:

The plaintiff has a right to the money mentioned in the certificate provided the answers of her son, Edward Wall, to the questions addressed ·to him in connection with his application for insurance are true answers. Prima facie, the answers are correct, and the burden of showing their falsity rests on the defendant company. The principal questions to which it is alleged false answers are made appear in the first, second, third, fourth and fifth assignments. The question addressed to the applicant in the first is as follows: "When last attended by a physician, and for what cause?" and the answer to it is, "One year ago." The question addressed to him in the other assignments is, "Have any or either of your parents, brothers, sisters, grandparents, uncles, aunts or cousins been afflicted with consumption or with pulmonary or any hereditary desease?" and the answer to it is, "No." The answer to the question contained in the first assignment is characterized by the company as false, and the testimony of Dr. L. C. Wiggins is relied on to sustain the accusation. The answer to the question included in the other assignments is declared by the company to be untrue, and the testimony relied on to support the declaration is that of Dr. J. A. Miller, Dr. J. B. Black and Dr. J. L. Penny. The testimony of Dr. Wiggins is that he attended Edmund Wall professionally several times during the year preceding his application for insurance, and the testimony of Dr. Black is that Johanna Hickey, an aunt of Edmund Wall, died of consumption in December, 1891. Dr. Miller testified in substance that he was called in 1892 to examine Thomas Hickey and Mary Hickey, cousins of Edmund Wall, and upon his examination of them he was of the opinion that they had consumption, but he did not express this opinion to them or any one else. His call was brief and not repeated.

It must be conceded that the testimony of Wiggins, Miller and Black has a tendency to decredit the answers to the questions contained in the five assignments. But there is nothing in the testimony of Penny which decredits them. On the contrary, his testimony has a decided tendency to maintain their integrity. He was called by the plaintiff in rebuttal, and it is a perversion of his testimony to attribute to it the effect claimed for it in the fifth assignment.

In addition to the three physicians who testified in behalf of the company as above stated, we note that W. R. Spooner, the company's premier, testified that he had interviews with the plaintiff in which she made admissions in accordance with the contention of the company, and fatal to her demand upon it. He conceded, however, that her husband was present at and participated in these interviews. In this connection it is proper to state that Spooner's testimony respecting the alleged admissions of the plaintiff is directly opposed to the testimony of her husband in rebuttal.

The testimony of the four witnesses called to sustain the company's contention is contradicted by the testimony of the sixteen witnesses called by the plaintiff in answer to it. Four of these witnesses are reputable physicians, qualified to testify intelligently and without prejudice respecting the matters to which their attention was called. Two of them examined Edmund Wall in 1892 with reference to an application for insurance, and the conclusion they reached was that he was then in good health and a good risk. The examinations were made on June 4 and November 14. The testimony of the remaining twelve witnesses in rebuttal, together with that of the four physicians referred to meets every phase of the company's contention, and constitutes, if credited, a complete answer to it.

All the questions in the case are questions of fact and determinable by a jury upon the evidence. The questions and the evidence were fairly and clearly presented to the jury by the learned court below, and we discover no error in the instructions relating to either. We therefore overrule all the assignments of error.

Judgment affirmed.