# Holleran, Appellant, *v.* Life Assurance Company of America.

*Insurance—Life insurance application attached to policy—Evidence.*

In an action on a policy of life insurance, where the plaintiff offers in evidence the policy, to which is attached what purports to be a copy of the application, and the offer is not restricted to any part of the paper, it will be assumed in the absence of evidence to the contrary that the copy attached to the policy is a true copy of the original application.

*Insurance—Life insurance—Proofs of death—Evidence.*

While proofs of death are admissible in evidence, the plaintiff is not estopped at the trial by anything stated therein by physicians or others. Such statements are open to explanation and even to contradiction by the plaintiff.

*Insurance—Life insurance—Warranty—Attendance by physician.*

Where an applicant for insurance warrants the correctness of his answers, the burden of proving a breach of warranty rests on the insurance company.

An applicant for insurance in answer to a question as to how long it was since she had consulted a physician stated: "January, a year ago with sore feet." In an action on a policy the attending physician testified that about ten weeks prior to the date of application he had examined the deceased and found that she was suffering from tuberculosis, and that she continued to suffer from that disease until her death one year and a half afterwards. In rebuttal plaintiff called the examining physician of the defendant who testified that at the time of the application he had examined the deceased carefully for tuberculosis, and found no organic disease of the lungs or other organs. Members of the family of the insured also testified to her apparent good health until a short time before she died. *Held*, that the question whether the insured consulted a physician for a serious disease ten weeks prior to her application, was one of fact for the jury.

Argued Oct. 8, 1901.   Appeal, No. 187, Oct. T., 1901, by plaintiff, from judgment of C. P. No. 4, Phila. Co., March T., 1899, No. 1092, on verdict for defendant, in case of Richard J. Holleran v. Life Assurance Company of America.   Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ.   Reversed.

Assumpsit on a policy of life insurance.

At the trial plaintiff offered in evidence the policy in suit to

which was attached what purported to be a copy of the application. The offer was not restricted to any part of the paper. Defendant subsequently made the following offer:

Counsel for defendant offers in evidence proofs of death heretofore offered by counsel for plaintiff, for the purposes of the plaintiff's case, in order that the same may be before the court as an admission binding upon the plaintiff.

Objected to. Objection overruled. Exception for plaintiff. [1]

The policy and the application attached thereto were both dated December 1, 1897. The deceased died on February 8, 1899. The only defense raised was a breach of warranty as to the correctness of answers as to health in the application. The defendant called Dr. Lawrence F. Flick, who testified that the deceased had consulted him on September 22, 1897, and that he found her suffering with tuberculosis. In rebuttal the plaintiff called Dr. Z. M. K. Fulton, medical examiner of defendant, who testified that he had examined deceased about the time of her application and that he did not find her suffering from any disease of the lungs or other organs. Members of the family of the deceased testified to her apparent good health until a short time before she died. The court gave binding instructions for defendant.

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1) rulings on evidence, quoting the bill of exceptions; (4) in giving binding instructions for defendant.

*Lincoln L. Eyre*, for appellant.—The physician's certificate in the proofs of death are not even admissible as evidence : Charter Oak Life Ins. Co. v. Rodel, 95 U. S. 232 ; Buffalo Loan, Trust & Safe Deposit Co. v. Knight Templars & Masonic Mut. Aid Assn., 126 N. Y. 450 ; 27 N. E. Repr. 942.

The plaintiff is not estopped at the trial by anything stated by others in the proofs of death: Bentz v. Northwestern Aid Association, 41 N. W. Repr. 1037 ; Lebanon Mutual Fire Ins. Co. v. Kepler, 106 Pa. 28.

As the defendant declined to offer the original application there was no evidence of any warranty : Morris v. State Mutual

Life Insurance Co., 183 Pa. 563 ; Fisher v. Fidelity Mutual Life Association, 188 Pa. 1.

This case was clearly one for a jury on the entire testimony presented : Hermany v. Fidelity Mutual Life Assn., 151 Pa. 17 ; Smith v. Metropolitan Life Ins. Co., 183 Pa. 504 ; Schwartz v. Metropolitan Life Ins. Co., 5 Pa. Superior Ct. 285 ; McGraw v. Metropolitan Life Ins. Co., 5 Pa. Superior Ct. 488 ; Wall v. Royal Society of Good Fellows, 192 Pa. 577.

The presumption of law is in favor of health.   The burden of proving disease is on the defendant : Bliss on Life Insurance, 618.

The burden of proof is on the defendant to show false representation : Bunyon on Life Assurance, 113.

*W. B. Bodine, Jr.*, with him *G. W. Pepper*, for appellee.— Statements contained in proofs of death are admissions against the insured : Wall v. Royal Society of Good Fellows, 179 Pa. 355 ; Mutual Life Ins. Co. v. Newton, 22 Wallace, 32 ; Davey v. Ætna Life Ins. Co., 38 Fed. Repr. 650 ; Charter Oak Life Ins. Co. v. Rodel, 95 U. S. 232 ; Buffalo Loan, Trust & Safe Deposit Co. v. Knights Templar & Masonic Mutual Aid Assn., 126 N. Y. 450.

It is submitted that in Pennsylvania, where an applicant for insurance warrants that he has not been attended by any physician other than as stated in his application, if the applicant has in fact been attended by a physician other than as stated, for a disease not mentioned in the application and from which he dies, there can be no recovery upon the policy : Hermany v. Fidelity Mutual Life Assn., 151 Pa. 17 ; Mengel v. Northwestern Mut. Life Ins. Co., 176 Pa. 280 ; Wall v. Royal Society of Good Fellows, 179 Pa. 355 ; Smith v. Metropolitan Life Ins. Co., 183 Pa. 504 ; March v. Metropolitan Life Ins. Co., 186 Pa. 629 ; Smith v. Northwestern Mutual Life Ins. Co., 196 Pa. 314.

OPINION BY RICE, P. J., January 21, 1902 :

1. By the express terms of the policy offered in evidence by the plaintiff, the application was made part of the contract. What purports to be a copy of the application was attached to the policy.   The offer was not restricted to any part of the

paper, and was properly construed as an offer of the whole paper including this copy, although the latter was not specifically mentioned in the offer.    Under the circumstances neither party is in a position to claim that the copy was not in evidence.    For the purpose of showing that the insurance company had not complied with the Act of May 11, 1881, P. L. 20, the plaintiff might have called for the production of the original application and offered it in evidence.    But it was not incumbent on the defendant to offer it in evidence.    In the absence of evidence to the contrary, the case was to be determined in the court below and is to be considered in this court upon the assumption that the copy attached to the policy is a true copy of the original application.    The second and third assignments of error are overruled.

2. The first assignment of error raises the question whether proofs of death are evidence against the plaintiff as binding admissions of the facts therein stated.    Under the Pennsylvania authorities it is clear that while they are admissible in evidence, the plaintiff is not estopped at the trial by anything stated therein by others.    Such statements are open to explanation and even to contradiction by the plaintiff : Lebanon Mutual Fire Ins. Co. v. Kepler, 106 Pa. 28 ; Fisher v. Fidelity Mut. Life Association, 188 Pa. 1 ; Wall v. Royal Society of Good Fellows, 179 Pa. 355 ; Benseman v. Prudential Ins. Co., 13 Pa. Superior Ct. 363, 371.    It is not clear that in the ruling complained of the court intended to hold otherwise.    Other rulings made during the course of the trial show, that the learned trial judge did not hold that the proofs were of such binding force as to preclude the plaintiff from showing that the statements in the certificate of the attending physician were incorrect.    It is unnecessary to discuss this assignment further.

3. The defendant's counsel urge that in Pennsylvania, where an applicant for insurance warrants that he has not been attended by any physician other than as stated in his application, if the applicant has in fact been attended by a physician other than as stated, for a disease not mentioned in the application from which he dies, there can be no recovery upon the policy. Conceding for present purposes the correctness of the foregoing proposition of law, does it follow that the defendant was entitled to binding instructions?    We think not.    The answers

to questions contained in the application were warranted to be true. The following is a copy of question fifteen with answer thereto: " Q. How long is it since you consulted or have been attended by a physician, and for what disease? A. January, a year ago, with sore foot. Q. Give name and address of that physician. A. Howard Hospital. Q. Give name and address of your regular physician. A. ————." The attending physician in his certificate attached to the proofs of death, stated that he had attended the insured at different times between September 22, 1897, and February 8, 1899, the date of her death; that the disease of which she died was tuberculosis; and that she showed symptons of this disease at the date of her first visit to him. He was also called as a witness by the defendant and testified substantially to the same effect. Speaking of her first visit he said: " My first record of the case is on September 22, 1897, in which I have recorded that she was at that time suffering from consolidation of the upper and middle lobe of the right lung." In rebuttal the plaintiff called the examining physician of the insurance company, who testified that at the time of her application for this policy, December 9, 1897, he examined the applicant carefully for the purpose of ascertaining and reporting to the company whether she was a proper risk, that he examined her for consumption and tuberculosis, and found no sign of any organic or functional disease of the lungs or other organs. He further testified that if consumption has developed to any extent, it can be readily detected although it may not in the very early stages. Members of the family of the insured also testified to her apparent good health until a short time before she died. Of course none of these witnesses could testify that she did not consult Dr. Flick on September 22, 1897, but it cannot be said that his testimony that she at that time had a serious disease from which she died was uncontradicted. Suppose that the case had been submitted to the jury and they had found that he was mistaken as to the latter fact, would they still have been bound to accept as verity his testimony, that she consulted him or that he attended her for that disease on September 22, 1897? Clearly not. The jury might find that to be the fact, but it was not within the province of the court to instruct them that they must so find. The burden of proving a breach of warranty rested on

the defendant. The question whether the insured consulted a physician for a serious disease on September 22, 1897, was one of fact, and in our opinion the plaintiff gave sufficient testimony in rebuttal to require it to be submitted to the jury: Wall v. Royal Society of Good Fellows, 192 Pa. 577. The fourth assignment of error is sustained.

Judgment reversed and venire facias de novo awarded.