# Siebelist, Appellant, *v.* Metropolitan Life Insurance Company.

*Insurance—Life insurance—Proofs of death—Evidence.*

Proofs of death are evidence of the facts therein stated in behalf of, but not against, the insurance company.

Where proofs of death are called for by the plaintiff at the trial of a suit on a life policy, and produced by the defendant, and the plaintiff's offer of a part of these papers only, is overruled by the court on the ground that all of the papers must be offered, the plaintiff may either stand on his exception to such ruling or may offer all the papers. If he pursues the latter course he is bound by the averments in the paper which was sought to be omitted, unless such averments are contradicted or qualified.

Argued Dec. 12, 1901. Appeal, No. 212, Oct. T., 1901, by plaintiff, from order of C. P. No. 1, Phila. Co., June T., 1898, No. 856, refusing to take off nonsuit in case of Fredericke Siebelist v. The Metropolitan Life Insurance Company. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit on a policy of life insurance. Before BIDDLE, P. J.

The facts are stated in the opinion of the Superior Court.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was the order of the court.

*Thomas R. Elcock,* with him *Matthew Dittmann,* for appellant, cited as to the effect of the proofs of death: Imperial Fire Ins. Co. v. Dunham, 117 Pa. 460 ; Weber v. Metropolitan Life Ins. Co., 172 Pa. 111.

*Hazard Dickson,* for appellee, cited as to proofs of death: Heaffer v. New Era Life Ins. Co., 101 Pa. 178.

OPINION BY RICE, P. J., January 21, 1902 :

Two questions were discussed by counsel on the argument of this appeal, first, whether the " application as signed by the

applicant" was copied in the policy within the provisions of the Act of May 11, 1881, P. L. 20, so as to render the warranties in the application available to the insurer; second, whether the plaintiff could offer in evidence a portion only of the proofs of death when the whole of the proofs were produced in court by the defendant upon the call of the plaintiff.

1. The first question is precisely the same as that considered by us in Baldi v. The Metropolitan Ins. Co., 18 Pa. Superior Ct. 599, in which we have this day filed an opinion. The court correctly held.that part " C. Medical examination and report," which was not signed by the applicant, and on its face was expressly declared to be, "no part of the declaration of the applicant," was not a part of the application within the meaning of the act of 1881.

2. The second question is not distinctly raised by any of the assignments, but even if it were, we should be compelled to hold that no error was committed of which the plaintiff can complain. The proofs of death were called for by the plaintiff, and produced by the defendant on the trial of the case. The plaintiff offered as proofs of death one of the papers thus produced, and when objection was made that it did not constitute the whole of the proofs, the papers were submitted to the inspection of the trial judge. The paper not embraced in the offer bore this indorsement signed by the claimant: " To the Metropolitan Life Insurance Co., I desire to file the following statement by attending physician with and as part of the proofs of death submitted by me to your company," etc. It would seem from the bill of exceptions that the question whether this paper was part of the proofs did not depend on any allegation of the defendant irregularly interjected into the plaintiff's case, but was properly before the court when the papers were submitted for its inspection by the plaintiff. The case of Haeffer v. New Era Life Insurance Co., 101 Pa. 178, is not parallel. There the papers produced by the defendant did not purport to be part of the proofs of death furnished by the plaintiff, but were letters written to the company by a stranger to the suit. The case does not rule that in offering in evidence the proofs of death, the plaintiff may select such parts only as suit his purposes.

But granting for the purposes of the case that the supplementary paper in question was not submitted by the plaintiff

to the court for its inspection, and that the only question before the court was whether the paper first offered was, on its face, a complete proof of death, two courses were open to the plaintiff after it had been rejected. She might have stood on her exception, as was done in the case of Haeffer v. New Era Life Ins. Co., supra, or she might acquiesce in the ruling (which was clearly right) that the paper above quoted was part of the proofs of death, and include it in her offer. She chose the latter course, and as she offered no evidence to contradict, explain or qualify its statements, the court properly sustained the motion for compulsory nonsuit upon the ground that it appeared by the proofs furnished by her that certain material statements of the application, which were warranties, were not true. Under the Pennsylvania decisions, as well as by the express terms of the policy, the proofs of death were evidence of the facts therein stated in behalf of, but not against the company. As to that question we refer to the case of Holleran v. The Life Assurance Co. of America, 18 Pa. Superior Ct. 573, and the cases there cited.

Judgment affirmed.