## Furey, Appellant, v. Metropolitan Life Insurance Company.

*Insurance—Life insurance—Application—Policy—Evidence.*

1. Where a policy of life insurance with the application attached is offered in evidence by the plaintiff together with the proofs of death, the policy, the application and the proofs of death become evidence for all purposes in the case both for the plaintiff and the defendant.

2. If the proofs of death disclose that the assured had in the application made untrue answers to questions relating to the attendance upon him by physicians and as to whether he had suffered from rheumatism, such statements are evidence against the plaintiff, and will be conclusive against the plaintiff unless they are explained or contradicted by competent evidence.

Argued Dec. 14, 1911. Appeal, No. 153, Oct. T., 1910, by plaintiff, from order of C. P. No. 1, Phila. Co., Dec. T., 1902, No. 1,905, refusing to take off nonsuit in case of Annie Furey v. Metropolitan Life Insurance Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Assumpsit on a policy of life insurance. Before KINSEY, J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was in refusing to take off nonsuit.

*Michael Korn*, with him *Stanley W. Root* and *Michael Francis Doyle*, for appellant.—Even if the proofs of death were in evidence generally the questions of fact which they raised were properly for the determination of the jury: Arnold v. Life Ins. Co., 22 Pa. Superior Ct. 575; Baldi v. Ins. Co., 24 Pa. Superior Ct. 275; Fisher v. Fidelity Mut. Life Assn., 188 Pa. 1; Lebanon Mut. Ins. Co. v. Kepler, 106 Pa. 28; Holleran v. Life Assur. Co. of America, 18 Pa. Superior Ct. 573; Proctor v. Life Ins. Co., 20 Pa. Superior Ct. 523; Connell v. Life Ins. Co., 16 Pa. Superior Ct. 520.

The alleged breach of the alleged warranty was not a

good defense in this case: McClain v. Provident Sav. Life Assur. Soc. of N. Y., 110 Fed. Repr. 80.

*Arthur G. Dickson,* of *Dickson, Beitler & McCouch,* for appellee.—The breach of warranty as established by the uncontradicted proof was a good defense: Baldi v. Ins. Co., 18 Pa. Superior Ct. 599; Rondinella v. Ins. Co., 18 Pa. Superior Ct. 613; Siebelist v. Life Ins. Co., 19 Pa. Superior Ct. 221; Holleran v. Life Assur. Co., 18 Pa. Superior Ct. 573.

OPINION BY PORTER, J., March 1, 1912:

The plaintiff in this action seeks to recover upon a policy issued by the defendant company insuring the life of her deceased husband. The court below, after the plaintiff had submitted her evidence, entered a judgment of non-suit, which it subsequently refused to take off, and the plaintiff appeals.

By the express terms of the policy offered in evidence by the plaintiff, the application, made by the deceased, was made a part of the contract, and the answers and statements contained in that application were made warranties, by the applicant. There was attached to the policy a copy of the application, the correctness of which is not challenged. The form of the application is precisely similar to that which was considered by this court in Baldi v. Insurance Co., 18 Pa. Superior Ct. 599, and consisted of two parts "A" and "B." The part designated as "B" consisted of the answers made by the applicant to the medical examiner of the company, and that part as well as the part "A" had been duly signed by the applicant. We held in the case referred to that the parts "A" and "B," taken together, constituted the application and came within the covenant of warranty by the assured as to the correctness of the statements therein by him made. Counsel for plaintiff, at the trial, made this offer: "I will offer in evidence the policy and proofs of death, and desire that they may be made a part of the record." The

policy and proofs of death being admitted in evidence, the plaintiff offered no further testimony.   The policy, with the application attached, being thus offered in evidence, both policy and application became evidence for all purposes in the case: Holleran v. Life Insurance Co., 18 Pa. Superior Ct. 573.   The proofs of death thus offered were evidence of the facts therein stated in behalf of the defendant company.   Those proofs had been furnished by the plaintiff to the defendant, and they disclosed that certain statements made by the assured in his application for the policy, which were warranties, were not true. When a policy of insurance contains a warranty of the truth of certain facts, the validity of the policy depends on the truth of the warranty.   In such a case the engagement of the policy holder is absolute that the facts shall be as they are stated when his rights under the policy attach: Wall v. Royal Society of Good Fellows, 179 Pa. 355.   The proofs of death disclosed that the assured had in the application made untrue answers to questions relating to the attendance upon him by physicians and as to whether he had suffered from rheumatism.   These untrue statements related to a matter material to the risk, and to them the Act of June 23, 1885, P. L. 134, had no application: Mengel v. Insurance Co., 176 Pa. 280; March v. Life Insurance Co., 186 Pa. 629.   The statements contained in the proofs of death, while evidence against the plaintiff, were not conclusive; she might have produced evidence explaining or even contradicting them: Holleran v. Life Insurance Co., 18 Pa. Superior Ct. 573; Baldi v. Insurance Co., 18 Pa. Superior Ct. 599.   The plaintiff made no attempt to explain the statements contained in the proofs of death, which, standing alone, were fatal to her case.   This case is ruled adversely to the contention of the appellant by Siebelist v. Life Insurance Co., 19 Pa. Superior Ct. 221.   The judgment of nonsuit was properly entered and the refusal of the court to take it off involved no error.

The judgment is affirmed.