# South Side Trust Co. v. Eureka Life Ins. Co., Appellant.

*Insurance—Life insurance—Proof of death—Evidence.*

In an action on a policy of life insurance, proofs of death are admissible in evidence, but where they are not offered by the plaintiff they are not conclusive and can be explained or controverted.

Whether or not the insured was in good health when the policies were revived and reinstated, is a question for the jury and a verdict for the plaintiff will be sustained. The burden of proving fraud in the revival of the policies is on the defendant, and where the evidence is contradictory, the case is for the jury.

*Insurance—Life insurance—Application for revival—Act of May 11, 1881, P. L. 20.*

It is the duty of the insurance company to attach a copy of the application to a policy of insurance and, unless it is attached, it is not part of the contract of insurance and not evidence on the part of the insurance company, in an action by the beneficiary on the policy. The same principle applies to an application for the revival of a lapsed policy of insurance where the company claims that the revival constituted a new contract.

*Insurance—Life insurance—Form of policy—Act of June 1, 1911, P. L. 581.*

The provisions of sections 25 and 26 of the Act of June 1, 1911, P. L. 581, relative to the form of insurance policies do not apply to policies of industrial insurance.

*Insurance—Life insurance—Health of insured—Alleged false representations—Case for jury.*

In an action on a life insurance policy, the case is for the jury and a verdict for the plaintiff will be sustained, where the defense was that the policies, after having lapsed for nonpayment of premiums, had been reinstated through the fraudulent representations of the insured as to his health, and where, although there was evidence that the insured had tuberculosis, when the policies were reinstated, there was no evidence that he knew he had the disease and the company's examining doctor had certified that he was at the time in sound health.

Argued May 4, 1920. Appeal, No. 134, April T., 1920, by defendant, from judgment of C. P. Allegheny County, Jan. T., 1920, No. 1318, dismissing appeal from judgment of the county court in the case of The South Side Trust Company of Pittsburgh, a corporation, Guardian of the Estate of Mary Lafferty, otherwise known as Mary A. Lafferty, v. The Eureka Life Insurance Company, a corporation. Before PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Petition to allow appeal from the judgment of the county court. Before STONE, J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the petition and affirmed the judgment of the county court. Defendant appealed.

*Error assigned* was the order of the court.

*John M. Redden,* and with him *A. Seder,* for appellant.—The representations, made by the insured at the time of the revival of the policies, were contradicted and the proofs of death were admissible, to show that the

disease of which the insured died was treated before the application for insurance: Kipp v. Metropolitan Life Insurance Co., 41 N. Y. App. Div. 298; Helwig v. Mutual Life Insurance Co., 132 N. Y. 331; Donnelly v. Metropolitan Life Insurance Co., 43 Misc. (N. Y.) 87.

The misrepresentations of the applicant must be held to have forfeited the policy: Furey v. Metropolitan Life Insurance Co., 49 Pa. Superior Ct. 592; U. B. Mutual Aid Society v. O'Hara, 120 Pa. 256; 25 Cyc. 951; Smith v. Northwestern Mutual Life Insurance Co., 196 Pa. 314; 25 Cyc. 906; Murphy v. Insurance Co., 205 Pa. 444.

*Frederick Shoemaker,* and with him *Shoemaker & Knoell,* for appellee.—It was the duty of the insurance company to attach a copy of the application and the same principle applies to applications for renewal, and as the latter was not attached it was not admissible in evidence: Custer v. Fidelity Mutual Aid Association, 211 Pa. 257; New Era Life Association v. Musser, 120 Pa. 384; Lenox v. Insurance Company, 165 Pa. 575; McCaslin v. Metropolitan Life Insurance Company, 59 Pa. Superior Ct. 475; Gaskill v. Pittsburgh Life, 261 Pa. 546; Norristown Title Company v. Insurance Company, 132 Pa. 385.

Whether or not the insured was in good health at the time the policy was issued was a question for the jury: Holleran v. Life Assurance Company, 18 Pa. Superior Ct. 573; Barnes v. Mutual Life, 191 Pa. 618; Wall v. Royal Society, 192 Pa. 580; Mills v. Penna. Mut. Ins. Co., 57 Pa. Superior Ct. 483; Baer v. Insurance Company, 256 Pa. 177; Gaskill v. Pittsburgh Life and Trust, 261 Pa. 546.

OPINION BY KELLER, J., July 14, 1920:

This is an appeal from the order of the Court of Common Pleas of Allegheny County refusing to allow an appeal from the county court or to direct that court to enter judgment for the defendant non obstante veredicto.

The action was assumpsit on two policies of life insurance issued by the defendant company on the life of John Lafferty, brought by plaintiff as guardian of the beneficiary, the insured's minor sister.  The defense was that the policies had lapsed for nonpayment of premiums and had been reinstated through the fraudulent representations of the insured as to the condition of his health.

The policies were issued on May 4, 1914, and June 22, 1914, respectively, for what is known as industrial insurance, the premiums being payable weekly in advance. It is not contended that the insured made any false statements in his original applications.  The policies were admittedly good and valid contracts binding on the company for their full amount up to November 19, 1917. The premiums falling due after November 12, 1917, were not paid and the policies were reported to the company as lapsed.  Under the terms of the policies, two courses were then open to the insured.  As the policies had been in force for more than three years he could within six months apply for and secure paid-up nonparticipating policies for a less amount, payable at death; or he could have the policies revived within one year from the date of default by payment of all arrears, provided that at the time of such payment he was in good health, which was the only condition annexed to such revival.

In January, 1918, the insured's cousin, Mrs. Rose Clark, telephoned the defendant asking what would have to be done to have the policies revived and was told they could be revived upon payment of arrears, but they would have to see the insured first.  A short time afterwards the agent of the company called on her and told her they had seen the insured, that everything was all right and if the arrears were paid the policies would be revived.  Accordingly, on February 6, 1918, she paid the arrears—the insured was out of work—and the policies were thereupon revived and the premiums were thereafter regularly paid until the insured's death on July 18, 1918.

Before accepting the arrears of premiums and reviving the policies, the agent of the company called on the insured and satisfied himself that he was in sound health, and the defendant's doctor examined him and certified to the company that he was in good health, that his constitution was sound and his hygienic surroundings were satisfactory, and recommended him as a first class risk.

At the trial the plaintiff offered in evidence the policies and the receipt book, showing that the payments had been regularly made to the date of death, and certain admissions from the pleadings that the insured had died as above stated and that proofs of death had been furnished as required by the policies, and called Mrs. Clark who testified as above. The defendant offered in evidence an application alleged to have been signed by the insured in connection with the revival of the policies in which he set forth that he was in sound health and had not recently been attended by a physician, and the statement of Mary Lafferty, the beneficiary, made in connection with the proofs of death, that the insured had died of tuberculosis at the Cresline [Cresson] Sanitarium after an illness of four and a half months duration, that he had first consulted a physician in that connection on January 1, 1918, had been attended in previous sickness by Dr. Wuerthele, a physician of Pittsburgh, and had been confined to the house since February, 1918. Also the statement of Dr. Wuerthele, (which Mary Lafferty agreed in writing should be considered as part of the proofs of death), that the insured had been ill of pulmonary tuberculosis for seven months, that he had treated him from January 1 to February 1, 1918, but not the last five months. No doctors or other witnesses were called to prove the truth of the matters contained in these statements, or the falsity of the insured's answers in the application to revive the policies, but the defendant contended it was entitled to binding instructions by virtue of the conflict between the statements in

the application to revive and those in connection with the proofs of death as above.

It was shown by the plaintiff that the statement of Mary Lafferty was filled out by the company's agent, and was in conflict as to essential matters with the certificates of the agent and the company's physician forming part of the application for revival; that at or after the time her statement represented the insured as confined to the house with pulmonary tuberculosis, he had been seen by both the agent and the company's physician and had been examined by the latter and found to be in good health, and his constitution sound. The statement of Dr. Wuerthele was not furnished to the company by the plaintiff as part of the proofs of death, but had been obtained from him by the company, and Mary Lafferty's agreement that it should be considered as part of such proofs had been procured by the defendant when she was a minor and was known by it to be so. While her own statements could be offered in evidence as declarations against interest, she could make no agreement, while a minor, relative to the force and effect of Dr. Wuerthele's statement which would bind this plaintiff. It was not otherwise proven. The application of the insured for the revival of the policy was filled out by the company's agent and not dated and there was nothing in the application itself to show when he signed it. Nor was there any evidence that the insured knew at the time that he was not in sound health: Baer v. State Life Ins. Co., 256 Pa. 177.

It must be remembered that the proofs of death were not offered by the plaintiff and did not form a part of its case, as in Siebelist v. Ins. Co., 19 Pa. Superior Ct. 221; Mengel v. Ins. Co., 176 Pa. 280; Furey v. Life Ins. Co., 49 Pa. Superior Ct. 592, and similar cases. As to so much of them as was properly admissible as evidence in the case, they were evidence against the plaintiff but not conclusive, and could be explained or controverted: Holleran v. Life Assurance Co., 18 Pa. Superior Ct. 573;

Baldi v. Ins. Co., 18 Pa. Superior Ct. 599; Baldi v. Ins. Co., 24 Pa. Superior Ct. 275; and as they were contradicted by the certificates of the company's agent and the company's doctor, we cannot say that a case for binding instructions in favor of the defendant was made out: Holleran v. Life Assurance Co., supra; Wall v. Royal Society of Good Fellows, 192 Pa. 577. The burden was on the defendant of proving fraud in the revival of the policies: Feinberg v. New York Life Ins. Co., 256 Pa. 61, and as the evidence was contradictory, it was for the jury.

The vital question in the case was whether the insured was in good health when the policies were revived and reinstated, and this is generally a question of fact for the jury: Horne v. John Hancock Mut. Life Ins. Co., 53 Pa. Superior Ct. 330; Barnes v. Mut. Life Assn., 191 Pa. 618; Smith v. Ins. Co., 183 Pa. 504. The learned judge of the county court left the whole matter fairly to their determination laying stress on the fact that there could be no recovery if there had been any fraudulent representations by the insured as to the condition of his health or if the statements in the proofs of death relied on by the defendant were true. The verdict for the plaintiff resolves all disputed or contradictory matters of fact in its favor.

As to the defendant's contention that the application to revive made an entirely new contract of insurance which was avoided by the inconsistent statements in the proofs of death, it is sufficient to say that in such case the application for revival could not under the Act of May 11, 1881, P. L. 20, have been received in evidence for no copy of it was attached to the policy: Fidelity T. & T. Co. v. Ins. Co., 213 Pa. 415; Morris v. State Mut. Life Assurance Co., 183 Pa. 563; Custer v. Fidelity Mut. Aid Assn., 211 Pa. 257; Fisher v. Fidelity Mut. Life Assn., 188 Pa. 1; and in any event the statements in the proofs of death inconsistent with the application were

open to explanation or contradiction: Holleran v. Life Assurance Co., supra.

The county court did not err in refusing to hold with the plaintiff that the provisions of the policies were in conflict with sections 25 and 26 of the Act of June 1, 1911, P. L. 581. These were policies of industrial insurance which are specially exempted from the operation of those sections.

The assignments of error are overruled and the order is affirmed at the costs of the appellant.