## McDonald *v.* Liberty Beneficial Association, Appellant.

*Beneficial societies—Insurance—Answers to applications—Meaning of term "sickness."*

In an action of assumpsit on a beneficial certificate, the case is for the jury and a verdict for the plaintiff will be sustained, where the defense is that the beneficiary answered a question on a printed form that he had never been "sick," and evidence was produced to show that he had been treated by a physician for colds prior to the issuance of the certificate.

Such answer did not conclusively show misrepresentations on the part of the plaintiff. Sickness is a relative term and the question of the truth of the plaintiff's statements in regard to his health was for the jury.

Argued October 18, 1922. Appeal, No. 224, Oct. T., 1922, by defendant, from judgment of Municipal Court of Philadelphia, April T., 1922, No. 524, on verdict for plaintiff in the case of Annie McDonald v. Liberty Beneficial Association. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit on certificate issued by a beneficial association.   Before KNOWLES, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $102 and judgment thereon. Defendant appealed.

*Error assigned,* among others, was refusal of defendant's motion for judgment non obstante veredicto.

*George W. Harkins, Jr.,* for appellant.—The defendant was entitled to binding instructions: Lutz v. Insurance Co., 186 Pa. 527; Arnold v. Life Insurance Co., 20 Pa. Superior Ct. 61; Baldi v. Metropolitan Life Insurance Co., 24 Pa. Superior Ct. 275; Rinker v. Ætna Insurance Co., 214 Pa. 608; Murphy v. Insurance Co., 205 Pa. 444; Rigby v. Metropolitan L. Insurance Co., 240 Pa. 332.

*Earle Hepburn,* for appellee.

OPINION BY KELLER, J., November 23, 1922:

The only errors assigned in this appeal are the refusal of the court to affirm defendant's point for binding instructions and enter judgment in its favor non obstante veredicto.   We are satisfied that the case was for the jury and the assignments must accordingly be overruled.

(1)  The by-laws of the defendant association provided that "benefits will not be payable when sickness or death occur.......for [from] consumption contracted during the first year of membership."

The policy of insurance, or benefit certificate, in suit was issued November 12, 1920.   The insured died December 14, 1921.   The statement of the attending physician, forming part of the proofs of death offered in evidence by the defendant, set forth that death was due to pulmonary tuberculosis, and that he had attended the deceased from December 6, 1921, to December 14, 1921.

The physician in attendance before him testified at the trial that he had attended the insured from October 6, 1921, until about two weeks before his death, when he himself took ill and had to relinquish the case; that he had diagnosed his disease as catarrhal bronchitis, a complication of influenza, and had treated the case accordingly; that, in his opinion, the insured did not have tuberculosis when he stopped attending him. He also testified that it was possible for a man to die of pulmonary tuberculosis on December 14th, and yet not have tuberculosis two weeks prior to that time; and his evidence was not contradicted. In this state of the evidence it was certainly for the jury to find whether the insured had contracted consumption or tuberculosis during the first year of his membership in the defendant association.

(2) The application for insurance contained the following questions and answers:

15-a. What is the present condition of health?  Good.

b. When last sick?  Month    Year    Never.

c. Of what disease?  None.

At the trial the physician, who first attended him during his last illness, was called on behalf of the defendant and testified that he had treated the insured about once a year, for several years previous to 1920, for colds. It was not shown that at these times the insured was confined to bed, and the doctor said his health was good in November, 1920, when the policy or certificate was issued. The insured was not asked when he had last consulted a physician. The term, sick, is a somewhat elastic one and may mean, ill, affected with disease, unsound, affected with nausea, etc. In England it is generally confined to, nauseated. One suffering from a simple cold would not likely be called sick, and we cannot say, as a matter of law, that he would be guilty of misrepresentation if he failed to report it as a sickness. From its context in the application it was probably used as the antithesis of "healthy" or "in good health," and our Supreme Court has held that the term "good health"

is comparative and does not mean absolute perfection; that slight troubles, temporary and light illness, etc., do not disprove a warranty of good health; that a "temporary or slight cold in a man of usually good health would not constitute unsound health": Barnes v. Fidelity Mutual Life Assn., 191 Pa. 619, 622, 623. In any event the credibility of the witness was for the jury: Baer v. State Life Ins. Co., 256 Pa. 177, 184.

The trial judge left it as a question of fact for the jury to find whether the applicant's statements were untrue, and affirmed defendant's second point as follows: "If the jury finds from the evidence that the answers of Crawford McDonald in his application for membership in the defendant association as to illness prior to becoming a member of said association, were untrue, then the plaintiff is not entitled to recovery in this case and your verdict must be for the defendant." This was, in our opinion, as far as he could go under the decisions. See Barnes v. Fidelity Mutual Life Assn., supra; Baer v. State Life Ins. Co., supra; Baldi v. Metropolitan Life Ins. Co., 18 Pa. Superior Ct. 599, 610; Clemens v. Metropolitan Life Ins. Co., 20 Pa. Superior Ct. 567, 572; Csizik v. Verhovay Sick Benefit Assn., 60 Pa. Superior Ct. 466, 474; South Side Trust Co. v. Eureka Life Ins. Co., 74 Pa. Superior Ct. 566, 572.

With this disposition of the case it is unnecessary for us to pass upon the question whether the defendant is really a life insurance company masquerading as a beneficial association, (Marcus v. Heralds of Liberty, 241 Pa. 429), and the admissibility in evidence of the application for insurance, since no copy thereof was attached to the policy.

The judgment is affirmed.