Schuchman, Appellant *v.* Metropolitan Life Insurance Company.

Argued March 31, 1953.    Before STERN, C. J., STEARNE, JONES, CHIDSEY, MUSMANNO and ARNOLD, JJ.

Appeal, No. 191,

*Ralph S. Davis, Jr.,* with him *Evans, Ivory & Evans,* for appellant.

*D. C. Jennings,* for appellee.

OPINION BY MR. JUSTICE MUSMANNO, May 27, 1953:

On January 26, 1936, Henry H. W. Schuchman contracted with the Metropolitan Life Insurance Company for an insurance policy which provided for the payment of $5,000 to a designated beneficiary (the plaintiff in this case) in the event of death resulting from accident-induced injuries, in the event the injuries from the date of the accident, "wholly and continuously disable and prevent the insured from performing any and every kind of duty pertaining to his occupation."

Henry Schuchman was injured on November 25, 1947, and died on February 28, 1948. The insurance company denied liability, conceding that the assured was wholly disabled from November 25, 1947 to December 8, 1947, but only partially disabled from December 8, 1947 to February 16, 1948.

At the termination of the plaintiff's proof in the action of assumpsit which followed the refusal of the insurance company to pay the face value of the policy, the learned Trial Judge entered a compulsory nonsuit. From the refusal of the lower court to remove the nonsuit, the plaintiff has taken this appeal.

The insured, who was in the general real estate and insurance brokerage business, was bedfast for two weeks following the accident and then visited his office for an hour or two each day to open mail and sign an occasional policy. Prior to the accident he was busy from 8 a.m. to late afternoon every day and often he worked in the evening as well. His work embraced activities such as listing properties for sale, posting signs, calling on customers for real estate and insurance sales, taking prospective purchasers out to view properties, writing policies, collecting rent, operating his own automobile and doing such other miscellaneous duties necessarily connected with his business. The accident of November 25, 1947, struck these multifarious duties out of his life and he was never able to repossess them. His secretary testified that for the limited time each day that he visited the office following the accident, he used an ice cap to relieve pain and often she discovered him crying and exhibiting mental confusion as to what he was signing.

Dr. Frederick A. Parsons, his physician, testified at the trial that following the accident "it was impossible for him [Schuchman] to do any physical work at all." It was the doctor's opinion that the insured's death was the result of the accident. Further, that he knew of no intervening cause. Also, that prior to the accident, Schuchman's health was good, except for low blood pressure which had no influence on the cause of death.

On February 21, 1948, Schuchman filed with the insurance company a statement of claim in which he stated that he was totally disabled from November 25, 1947 to December 8, 1947, and partially disabled from the latter date to February 16, 1948. Dr. Parsons had on December 24, 1947, executed a physician's certificate in which he noted that Schuchman was partially disabled from December 8, 1947.

The learned Trial Judge stated that the exhibits attesting to the above indicated dates and data were conclusive and binding on the claimant. This Court has already declared, however, that: "There is no magic in a proof of loss which prevents a correction of errors contained therein. Nor is it an estoppel. It was perfectly proper to show, as was done in this case, the circumstances under which the proofs of loss were made out, and the rest was for the jury. This question was submitted to them under proper instructions. The proofs of loss were not stronger than a receipt in full, which has always been held to be open to explanation." (*Lebanon Mutual Insurance Co. v. Kepler,* 106 Pa. 28)

In *Holleran v. Life Assurance Co. of America,* 18 Pa. Superior Ct. 573, the question arose as to whether proofs of death are binding against the plaintiff in the nature of admissions of the facts therein stated. The Superior Court held: "Under the Pennsylvania authorities it is clear that while they are admissible in evidence, *the plaintiff is not estopped at the trial by anything stated therein by others.* Such statements are open to explanation and even to contradiction by the plaintiff. . ." (Emphasis supplied)

The assertion of this principle was repeated in *Jones v. Industrial Health, Accident & Life Ins. Co.,* 125 Pa. Superior 143: " 'As to proofs of death, it has been held in this State, time and again, that while they are admissible in evidence against the plaintiff the latter is not estopped at the trial by anything stated therein by physicians or others.' "

The terms "total disability" and "partial disability" are not so mathematically precise as to admit of only one unchanging interpretation. Dr. Parsons, therefore, should have been permitted to testify as to what he intended medically when he replied to questions which embraced these terms. The plaintiff should also have been allowed to develop from Dr. Parsons the facts as

to Schuchman's physical condition and whether those facts came within the insurance policy's definition of total disability. In this way the facts would govern rather than the unexplained conclusions expressed in the proofs of claim.

In *Maculuso v. Humboldt Fire Ins. Co.*, 271 Pa. 489, this Court said: "The principal complaint is that plaintiff was permitted to explain away a statement, in its proof of loss, to the effect that the insured premises were unoccupied at the date of the fire and had been so for a period of time; which statement, if correct, would have defeated her right of recovery. There was no error in this: Lebanon Mutual Ins. Co. v. Kepler, 106 Pa. 28, 34; Holleran v. Life Assurance Co., 18 Pa. Superior Ct. 573, 576; Baldi v. Metropolitan Ins. Co., 18 Pa. Superior Ct. 599, 612."

The lower court also stated that even if the proofs of claim were not binding and conclusive, the facts in evidence showed that the insured was not "wholly and continuously" disabled and prevented from "performing any and every kind of duty pertaining to his occupation."

In *Janney v. Scranton Life Ins. Co.*, 315 Pa. 200, the clause involved provided that " 'If . . . the Insured becomes physically or mentally incapacitated to such extent as to be wholly, continuously, and permanently unable to engage in any occupation or profession or to perform any work or service for compensation, gain or profit,' " certain benefits would accrue to the insured. In discussing the quoted provision this Court said: "the term 'totally disabled' is not used in a sense of absolute helplessness, mentally and physically, but rather, as expressed by the Supreme Court of Rhode Island, in *Pannone v. John Hancock Mutual Life Ins. Co.*, 157 Atl. 876, 878, in construing a similar policy, 'Inability of the insured to do the greater portion, the substantial part of his work or duty.' " Justice SIMPSON, the

writer of the opinion, in an analysis of the authorities, declared that "A literal construction of the words 'totally disabled' as used in disability and accident insurance policies has been rejected by the courts of many of the states." In this connection he cited cases from Georgia, Kentucky, Arkansas, Vermont, South Carolina, Oklahoma and Illinois.

All words and phrases must be accepted in the light of conditions prevailing at the time of their employment and not what they may have meant when they were first coined in the mint of lexicography. To be totally disabled no longer means that the victim must be a living cadaver. There would be no legal difference between Schuchman helplessly sitting in his office for an hour or two each day and impotently resting in a wheel chair at home. And it is fair to assume that if Schuchman had opened his mail and signed an occasional document at home, instead of at the office, the defendant company would not have claimed that this sedentary, passive act cancelled out the concept of total disability.

That the insured died only 12 days after the presumed ending of his disability offers rather cogent argument that he had not recovered from the effects of the accident.

In the case of *Cooper v. Metropolitan Life Ins. Co.,* 317 Pa. 405, 408, Justice KEPHART used the rather poignant illustrations of a blind man weaving baskets and a one-armed, legless mendicant dispensing pencils, and then incisively added that "it cannot well be argued that either is not totally disabled." An intellectual who lies prostrate from disease or injury is indeed *totally disabled,* even though his brain may still be capable of creating railroads, books and cities. The giant with an unhinged mind is totally disabled but he can still lift stones for a pyramid.

Prior to November 25, 1947, Henry Schuchman, then 65 years of age, had enjoyed good health. That day he fell from his automobile and struck the street curb. He sustained injuries to his head, both groins, right knee and his back. He was never completely well after that accident, and three months later he died. The defendant company has stated that it is immaterial whether or not the death was due to the accident since the death occurred 95 days after the accident and was therefore excluded from the terms of the policy.[1] The question, as stated by the appellant in its brief, is "whether or not Schuchman was wholly and continuously disabled from November 25 to February 28." That indeed is the issue and it is specifically an issue for the jury. In resolving that question the jury should be allowed to hear all evidence, expert and otherwise, which relevantly and competently sheds light on Schuchman's physical condition during the period involved.

The order of nonsuit is reversed and a venire facias de novo is awarded.

---

[1] The insurance policy provided that death benefits would be payable: (1) if the death occurred within 90 days following accident regardless of total disability; (2) if death occurred within 200 weeks following accident if the insured was continuously and totally disabled up to the date of his death.