## Lewis v. Metropolitan Life Insurance Company, Appellant.

*Insurance—Life insurance—Statements as to health—Discrepancy between application and proofs of death.*

In an action on a policy of insurance on the life of a married woman where the proofs of death furnished by the husband contradict the statements as to health made in the application, and on their face indicate that such statements are false, the plaintiff may prove at the trial that the proofs of loss were based on mistaken information, and that the statements in the application were in fact true, and if the weight of the evidence supports such proof a verdict and judgment for the plaintiff will be sustained.

Argued March 2, 1914. Appeal, No. 20, March T., 1914, by defendant, from judgment of C. P. Luzerne Co., May T., 1910, No. 490, on verdict for plaintiff in case of John C. Lewis v. Metropolitan Life Insurance Company. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, TREXLER and KEPHART, JJ. Affirmed.

Assumpsit upon a policy of life insurance. Before FULLER, P. J.

The facts are stated in the opinion of the Superior Court.

The defendant presented the following points:

1. That under all the evidence and the pleadings the verdict must be for the defendant. *Answer:* Refused. [2]

2. The proofs of death, signed and sworn to by the plaintiff as the claimant under the policy and furnished by him to the defendant, contain the following questions:

9. "Upon what date did the deceased first consult a physician for such sickness;" to which he answered, "January 4th, 1908," which was three months prior to her death. This sworn statement is unqualified and unimpeached by any evidence in the case, except by his testimony that instead of January 4, 1908, his answer to the ninth question was, "The first part of January, 1908." This contradicts the statement of the insured in her application as to her condition of health and her treatment by a physician at the time she was insured. Her statement as to these matters was material to the risk and false, and a verdict must be for the defendant. *Answer:* Refused. [3]

3. The proofs of death signed and sworn to by the plaintiff, John C. Lewis, and his statement furnished to the defendant as claimant under the policy contained the following question: "12. What was the duration of the deceased's last illness?" To which he answered, "Four months." This sworn statement is uncontradicted, unimpeached, and unqualified by any testimony in the case. The answer to the question in the application, made by the insured, for the policy as to her condition of health, the question being material to the risk and her answer being false as shown by the sworn proofs of death furnished by the claimant, he cannot recover and the verdict must be for the defendant. *Answer:* Refused. [4]

Verdict and judgment for plaintiff for $649.17. Defendant appealed.

*Errors assigned* were (2–4) above instructions, quoting them.

*James L. Morris,* for appellant.—Statements contained in proofs of death submitted by a claimant, are competent evidence in behalf of the insurer.   If these statements establish that certain material statements of the applicant which are warranties, are not true and no evidence explaining, correcting or contradicting them is introduced in rebuttal, the defendant is entitled to binding instructions: Siebelist v. Metropolitan Life Ins. Co., 19 Pa. Superior Ct. 221; Baldi v. Metropolitan Life Ins. Co., 30 Pa. Superior Ct. 222.

*Andrew Hourigan,* with him *Joseph P. Flanagan,* for appellee.—Proofs of loss are not conclusive, but that they are open to explanation and contradiction: Holleran v. Life Ins. Co. of America, 18 Pa. Superior Ct. 573; Siebelist v. Metropolitan Life Ins. Co., 19 Pa. Superior Ct. 221; Baldi v. Metropolitan Life Ins. Co., 30 Pa. Superior Ct. 213; McGraw v. Metropolitan Life Ins. Co., 5 Pa. Superior Ct. 488; Smith v. Metropolitan Life Ins. Co., 183 Pa. 507; Keatley v. Travelers' Ins. Co., 187 Pa. 197; Proctor v. Metropolitan Life Ins. Co., 20 Pa. Superior Ct. 525.

OPINION BY PORTER, J., July 15, 1914:

The plaintiff brings this action upon an insurance policy on the life of Anna C. Lewis, his deceased wife. The written application of Anna C. Lewis, for the insurance, which was attached to and became a part of the policy, was dated April 3, 1908, and the policy was issued on the ninth day of the same month.   The application contained the following statements which are conceded to have been material to the risk, and being warranties, if untrue would avoid the policy.   "(2) I have never had any of the following complaints or diseases (inter alia) diabetes.   (3) I am now in sound

health.   (4) The following is the name of the physician who last attended me, the date of the attendance and the name of the complaint for which he attended me; Dr. Drake attended applicant at his office for headache.   No bad effects." The insured died on May 5, 1908.

The proofs of death furnished after the death of the insured by the plaintiff to the defendant contained the following statements; "(4) Cause of death diabetes melitus.   (9) Upon what date did deceased first consult a physician for last sickness?   January 4th, 1908. (12) What was the duration of deceased's last sickness?   Four months." If these statements contained in the proofs of death were correct, then the insured had diabetes at the time she made her application, she was not then in sound health, and the disease for which Dr. Drake attended her was not headache but diabetes. These things constituted a breach of the warranties, above quoted, contained in the application and would invalidate the policy.   These recitals of the proofs of death were evidence in favor of the defendant company. Such statements, however, were not conclusive upon the plaintiff.   It was competent for him to explain, qualify or contradict them: Holleran v. Life Ins. Co., 18 Pa. Super. Ct. 573; Siebelist v. Life Insurance Co., 19 Pa. Super. Ct. 221; Baldi v. Metropolitan Life Insurance Co., 24 Pa. Super. Ct. 275, and 30 Pa. Super. Ct. 215.

The plaintiff in presenting his case had not offered the proofs of death in evidence generally, but only for the specific purpose of showing that proofs of death had been furnished, as the condition precedent to bringing the action.   The defendant company in presenting its case offered the proofs of death in evidence generally and called as witnesses two physicians whose testimony tended to establish that the deceased must have been suffering from diabetes at the time she made her application for insurance, although there was nothing to indi-

cate that she was herself aware of that fact. Dr. Drake testified that the deceased had called at his office in January, 1908, complaining of severe headaches, that he did not immediately diagnose diabetes, but after making an analysis of her urine, about a week later, he became convinced that that was the cause of her trouble, and that he treated her for that disease perhaps a dozen times before she died. Dr. Whitney was called in consultation sometime before she died and both physicians testified that at that time the patient was in an advanced stage of diabetes. Dr. Whitney saw the patient only once and neither of the physicians pretended to give the exact date of that consultation, but both were of opinion that it was several weeks before the death of the insured, or probably about the last of March, 1908. They both agreed that the patient was then confined to her bed. Now if these physicians were right as to the date of the consultation, the insured was at the time she made her application for insurance in an advanced stage of the disease and confined to bed. The date of that consultation was very material in determining what was the condition of the insured at the time she made her application for this policy. The plaintiff testified that his wife had been in her usual health, had assisted him in their grocery store and had done all her own housework until within about a week of the date of her death; he testified that the consultation between Dr. Drake and Dr. Whitney had occurred within a few days of the death of the insured, and that he at that time, when he was told that his wife had diabetes, said to Dr. Drake: "Why didn't you tell me before she had diabetes? Does this have anything to do with the trouble you found in January?" And he testified that Dr. Drake replied: "No, there was no diabetes then." Dr. Stiff, who was examining physician for the defendant company, and examined the insured at the time of her application, on April 3, 1908, was called as a witness for the plaintiff. He testified that at that time the in-

sured exhibited all external signs of sound health and that he approved her as a first class risk. If his testimony was true then Dr. Drake and Dr. Whitney were certainly mistaken as to the date when they saw the insured in consultation. The plaintiff called a number of witnesses who had been well acquainted with the insured and they testified that they had seen her very frequently during the period in question and that she exhibited no signs of ill health, continued to perform all her duties about the store and her housekeeping until within about a week of the date of her death.

Upon the question as to the exact date when Dr. Drake and Dr. Whitney, in consultation, saw the deceased, we incline to the opinion that the weight of the evidence indicates that it must have been about the last of April instead of the last of March, 1908, and that the physicians are no doubt honestly mistaken upon that point. Dr. Whitney testified that it was impossible for him to state how long the insured had been suffering from the disease prior to the time he saw her; so that in the last analysis the defense that the insured had diabetes at the time she made her application is dependent upon the testimony of Dr. Drake, who said that she had been suffering from the disease from January 4 prior to her death. The plaintiff having testified that Dr. Drake had explicitly declared to him that his wife did not have the disease in the preceding January, and a number of witnesses, including the physician of the defendant, who had examined her, having testified that she was in good health at the time of the application, early in April, the question whether she had in fact been suffering from diabetes at or prior to the date of her application for insurance was for the jury: Proctor v. Metropolitan Life Insurance Co., 20 Pa. Super. Ct. 524. The learned judge of the court below left that question to the jury with proper instructions as to the effect to be given the proofs of death which the plaintiff had fur-

nished, calling attention to the fact that the testimony of the plaintiff at the trial was not in harmony with his statement in the proofs of death. All the specifications are overruled.

The judgment is affirmed.