# Fidelity Title and Trust Company v. Illinois Life Insurance Company, Appellant.

*Insurance — Life insurance — Policy — Application — Evidence — Act of May* 11, 1881, *P. L.* 20.

In an action upon a policy of life insurance it appeared that on the face of the policy was the following language: "See copy of application inside, and if errors or omissions are found therein note the same, and return the same to the company for correction." No application appeared upon the policy offered in evidence, and no explanation for its absence was given. The evidence tended to show that the application had been omitted from the policy by mistake. The statement of claim contained an express averment that the copy filed was a true copy, and that the insured had performed all the covenants of the instrument. The affidavit of defense admitted the issuing of the policy, but alleged fraudulent misrepresentation in procuring it. The affidavit did not deny that the policy was the entire contract. A supplemental affidavit of defense made by the same officer who swore to the original one, merely stated that the affiant did not know at the time the original affidavit was made that the copy of the application had not been filed with the copy of the policy. *Held,* (1) that the policy was properly admitted in evidence; (2) that the company could not show by it that the payment of the first premium had not been paid while the insured was in good health, in violation of a condition of the policy; (3) that the company could not show that a statement made by the insured in the application as to his health was false; (4) that neither the contents of the application, nor the application itself were admissible in evidence on the part of the defendant.

In an action upon a policy of life insurance where the insurance company shows that a person of exactly the same name as the insured was rejected by another company, it must further show that such person was in fact the insured.

Argued Oct. 27, 1905. Appeals, Nos. 79 and 80, Oct. T., 1095, by defendant, from judgment of C. P. No. 3, Allegheny Co., Feb. T., 1905, Nos. 387 and 388, on verdict for plaintiff in case of Fidelity Title and Trust Company, Guardian of George L. White, Robert G. White and Gladys L. White, minor children of William J. White, deceased, and Jennie E. White, v. Illinois Life Insurance Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Action of assumpsit on two policies of life insurance. Before EVANS, J.

At the trial plaintiff made the following offer:

In the case at No. 387, February Term, 1903, counsel for plaintiffs offer in evidence the averments of the plaintiffs' statement not denied by the affidavit of defense, to wit:

That William J. White, deceased, took out a policy of insurance in the Illinois Life Insurance Company, on October 15, 1900, in the sum of $5,000; that the premiums on this policy were duly paid up to the time of said William J. White's death, on November 6, 1902; that proofs of loss were duly made to the defendant company of said death and said policy has not been paid.

Mr. Ferguson: The offer is objected to in so far as it relates to the policy, for the reason, first, that the policy produced does not contain a copy of the application attached to it, although the application is referred to upon the face of the policy as attached, and no explanation is proposed to be given as to why the application is absent.

The Court: I do not understand the offer to include the policy. The offer is simply that the decedent took out a policy.

Mr. Dalzell: That is right. We are simply offering in evidence so much of the affidavit of claim as is not specifically denied by the affidavit of defense.

The Court: You are not offering the policy?

Mr. Dalzell: No. There is nothing in either the affidavit of defense or the supplemental affidavit of defense that raises the question as to the application.

Mr. Ferguson: If the offer as made is as your honor understands it, of course there is no objection.

Mr. Young: I will amend that offer by offering in addition thereto the copy of the policy which is attached to the statement of claim in this case, marked exhibit "A," the same purporting to be a correct copy of the policy which was issued to William J. White, the decedent.

Mr. Ferguson: The defendant objects because on the face of the policy the following language appears:

"See copy of application inside and, if errors or omissions are found therein, note the same and return the same to the Illinois Life Insurance Company, Chicago, Illinois, for correction," and no such application appears upon the paper offered, and no explanation for its absence is given.

2. Because it is provided in the policy that the policy shall not take effect until the first premium has actually been paid in in cash during the lifetime and good health of the assured, and, therefore, the policy is not competent unless proof is given by the plaintiff that the decedent was in good health at the time.

Objections overruled. To which ruling counsel for defendant request an exception. Exception allowed and bill sealed. [2]

In the case at No. 388, February Term, 1903, counsel for plaintiffs offer in evidence the averments of plaintiffs' statement not denied by the affidavit of defense, to wit:

The plaintiff, the Fidelity Title & Trust Company, a corporation of the state of Pennsylvania, which was duly appointed by the orphans' court of Allegheny county at No. 122, November Term, 1902, guardian of Gladys L. White, minor child of William J. White, deceased, claims of the defendant, the Illinois Life Insurance Company, a corporation of the state of Illinois, the sum of $2,500 upon a policy of insurance, dated October 22, 1900, with interest thereon from November 6, 1902, justly due and payable to the plaintiff, of which claim the following is a statement:

A policy of insurance, dated October 22, 1900, was duly executed and delivered by the defendant to the plaintiff's decedent on or about October 22, 1900, in consideration of the sum of $101.15 paid on said date by the plaintiff's decedent to the defendant. The plaintiff attaches hereto and makes a part hereof, marked exhibit "A," a true and correct copy of said policy of insurance. The plaintiff avers that the decedent has

always from the time of the making of the policy of insurance, a copy of which is hereto attached, marked exhibit " A," performed all things on his part to be fulfilled, according to the tenor and effect of said policy; that William J. White, the party insured for the benefit of the plaintiff herein, died November 6, 1902, in the city of Pittsburg, whilst the said policy was in force; and that the plaintiffs herein did promptly furnish unto the said defendant good and sufficient proof of the death of the said William J. White; that, although heretofore so requested, defendant did not, and has not, paid unto the said plaintiff herein, or to any one for her, the sum of $2,500, or any part thereof, and said sum, together with lawful interest thereon is now due.

Mr. Ferguson: Defendant's counsel object, in so far as the offer of the policy is concerned, for the reasons, first, that policy contains indorsed on its face the following language:

"See copy of application inside, and if errors or omissions are found therein, note the same and return the policy to the Illinois Life Insurance Company, Chicago, Illinois, for correction." That the paper produced does not contain the application, nor is there any offer to account for its absence.

Second, the policy on its face provides that it shall not take effect until the first premium shall have actually been paid in cash during the lifetime and good health of assured, and no offer is made to prove the necessary fact of the good health of the assured at the time of the payment of the first premium.

Objections overruled. To which ruling counsel for defendant request an exception. Exception allowed and bill sealed. [3]

Counsel for defendant offer to show that William J. White, prior to the taking of the policies in suit, was an applicant to other insurance companies and was rejected on the ground that he was not an insurable risk; this for the purpose of showing the fact of rejection, and also showing the fact of the knowledge of the decedent.

The Court: How is that material in this case?

Mr. Ferguson: Because it tends to show that he was not in good health at the time.

Mr. Young: That offer is objected to for the reason it is incompetent, irrelevant and immaterial, and that it shows nothing

in regard to the state of the decedent's health at the time the policies in these suits were taken out.    (Offer withdrawn.)

Mr. Ferguson: These depositions are offered for the purpose of showing the rejection of William J. White as an applicant for life insurance in the Mutual Benefit Life Insurance Company of Newark, N. J., to be followed by evidence that at' the time of the application to the defendant company for the insurance sued on, he represented that he never had been rejected as an applicant for life insurance.

Mr. Young: This offer and the depositions are objected to for the reason that there is nothing in these depositions to identify the William J. White dealt with in the application as the one who took out the policies in question in this case, there being no effort made to identify them as the same by means of signatures or in any other way; and for the further reason that there is nothing to show that William J. White, the decedent, ever received any notice from this company of such rejection of that application, if they were the same, and for the further reason that there is nothing in the plaintiff's case which shows that he made any such representations as the defendant has stated.

The Court: Do you mean that there is no allegation in the affidavit of defense?

Mr. Dalzell: There is nothing on the face of the contract of insurance which is in evidence here which would invalidate it by reason of these representations which counsel now says were made to the defendant.

Objection sustained.    To which ruling counsel for defendant request an exception.    Exception allowed and bill sealed. [4]

5. The court erred in overruling the following offer of defendant and sustaining the exception of plaintiffs thereto:

In the case of No. 388, February Term, 1903, counsel for defendant offer in evidence the deposition of the same parties as in the other case, to wit: Edward L. Dobbins and James C. Young, for the purpose of showing that William J. White had made an application for insurance on his life to the Mutual Benefit Life Insurance Company of Newark, N. J., and he had been rejected by that company, this to be followed by evidence that when the application for the policy in this case was made to the defendant company, he was verbally interrogated by the

examiner of the company, among other things, as to whether or not he had ever been an applicant for life insurance in any other company, in which application he had been refused, and that he answered, "No," or words to that effect; this for the purpose of showing that having undertaken to answer as to a matter material to the contract, as a preliminary thereto, he answered falsely, and for the purpose of avoiding the contract on account of such answer.

Counsel for plaintiffs object to the foregoing offer for the reason that it is incompetent, irrelevant and immaterial, by reason of the fact that there is nothing in the depositions to connect William J. White, the decedent, whose heirs are the plaintiffs in this case, with the William J. White who made the application to the Mutual Benefit Life Insurance Company of Newark, N. J.; and for the further reason that there is nothing in these depositions to show that William J. White, the decedent, ever received any notice of the rejection of said application; and for the further reason that the misrepresentation alleged to have been made by William J. White, the decedent, is not material to this case, under the contract.

Objection sustained. To which ruling counsel for defendant request an exception. Exception allowed and bill sealed. [5]

Mr. Ferguson: I offer to show by the witness, Dr. Ingram, upon the stand that the time at which William J. White, the decedent, came before him as medical examiner of the company, he was interrogated by the witness verbally as to whether or not he had any disease of the kidneys, or had ever had any such disease, and that in response to the question the decedent verbally replied that he had not; this in connection with evidence already in the case that at the time he was suffering with a disease known as Bright's disease, a serious disease, and one likely to prove fatal, and that White had knowledge of that fact; this for the purpose, first, of negativing any inference that might arise in the case that the risk upon the life of White was accepted by the insurance company with knowledge that he was suffering from any such disease; secondly, for the purpose of showing that the said White by false and fraudulent misrepresentation procured the issuing of the policies upon his life, sued on in these cases, this evidence being applicable to both cases on trial.

To which offer counsel for the plaintiffs object as incompetent generally under the statute, and particularly because it appears from the affidavit of defense in this case, and from a reference to a copy of the policy which is in evidence, that the application to this company for insurance was made in writing and filed with the company.

The Court: This contract is in writing, and the defendant not having put itself in position to prove a contemporaneous oral statement made at the time, the objection is sustained.

Mr. Ferguson: Would your honor let me add what is necessary to complete that offer? In connection with the foregoing offer I propose to prove by witness on the stand and others that he and the company relied upon the truth of the answers referred to in the question, and that the existence of such a disease was a material matter in relation to the contract.

The Court: The objection is sustained. To which ruling counsel for defendant request an exception. Exception allowed and bill sealed. [6]

7. The court erred in overruling the following offer of the defendant and in sustaining the objections of the plaintiff thereto, viz.:

" Q. Now, doctor, did you have any conversation with him as to whether or not he had ever withdrawn an application for insurance upon his life in any other companies than yours, or whether he had ever made application for insurance upon his life to any other company, which had declined or refused to issue him a policy? "

Objected to as incompetent. Objection sustained. To which ruling counsel for defendant request an exception. Exception allowed and bill sealed. [7]

Mr. Ferguson: I now propose in view of the fact that the plaintiff has been permitted to interrogate beyond the direct examination of this witness, as to the portion of the examination undergone by W. J. White, to offer in evidence exhibit No. 1, and then call witnesses to prove the falsity of the various answers referred to in the affidavits of defense, and already referred to in offers of evidence in the case.

Objected to as incompetent.

The Court: We certainly would not admit any such offer as that, because, as the court understands its rulings, the witness

has not been interrogated on cross-examination beyond direct examination. The objection is sustained.

To which ruling counsel for defendant request an exception. Exception allowed and bill sealed. [8]

Verdict and judgment for plaintiff for $5,670. Defendant appealed.

*Errors assigned* were (1) refusal of binding instructions; (2–8) rulings on evidence, quoting the bill of exceptions.

*J. S. Ferguson,* with him *E. G. Ferguson* and *Henry W. Price,* for appellant.—The policies sued on in these cases when presented at the trial did not appear to have attached to them copies of the applications, but they did have printed on each of them on the front page in plain type this significant sentence: " See copy of application inside, and if errors or omissions are found therein, note the same and return the policy to ' Illinois Life Insurance Company, Chicago, Ill.,' for correction."

These policies were delivered to White and during his entire lifetime he was the proper custodian of them, because up to the last moment of his life he might have withdrawn the benefit of the policies from his wife and children and might have substituted his estate or any other person: Brigham v. Home Life Ins. Co., 131 Mass. 319; New Era Life Ass'n. v. Musser, 120 Pa. 384 ; Lenox v. Ins. Co., 165 Pa. 575; Morris v. Life Assur. Co., 183 Pa. 563.

Concealment, which is only the effect of accident, negligence, inadvertence or mistake, will, if material, be equally fatal to a contract of insurance, as if it were intentional or fraudulent: Miller v. Western Farmers' Mut. Ins. Co., 1 Handy (Ohio), 208 ; Vose v. Life & Health Ins. Co., 60 Mass. 42 ; Smith v. Ætna Life Ins. Co., 49 N. Y. 211.

Where the policy provides that it shall not take effect unless the first premium is actually paid in cash while the assured is in good health it is held " that in the absence of an estoppel the liability of the insurer depends upon the actual and not upon the mere apparent good health of the insured when the first premium was paid: " Thompson v. Travelers Ins. Co., 11 North Dakota, 274 (91 N. W. Repr. 75); S. C. 34 Ins. Law Jour.

124; Austin v. Mut. Reserve Fund Life Assn., 132 Fed. Rep. 555; Metropolitan Life Ins. Co. v. Howle, 62 Ohio, 204 (56 N. E. Repr. 908); Cable v. U. S. Life Ins. Co., 111 Fed Repr. 19; Harnickell v. Ins. Co., 111 N. Y. 390 (18 N. E. Repr. 632); McClave v. Mut. Reserve Fund Life Assn., 55 N. J. L. 187 (26 Atl. Repr. 78); Langstaff v. Life Ins. Co., 69 N. J. L. 54 (54 Atl. Repr. 518); Wilcox v. Sovereign Camp, 76 Mo. App. 573; Reese v. Fidelity Mut. Life Assn., 111 Ga. 482 (36 S. E. Repr. 637).

Where health of the insured has changed between date of application and delivery of the policy there is a duty to disclose the change: Equitable Life Assurance Society v. McElroy et al., 83 Fed. Repr. 631; Piedmont and Arlington Life Ins. Co. v. Ewing, 92 U. S. 377; Whitley v. Piedmont, etc., Life Ins. Co., 71 N. C. 480.

*William S. Dalzell,* of *Dalzell, Scott & Gordon,* with him *Edwin P. Young,* for appellee.—We submit that the act of May 11, 1881, is positive in its terms and that no application of an insured having any bearing upon the contract of insurance shall be received in evidence in any controversy between the parties to or interested in the said policy unless attached to the policy: Keatley v. Travelers' Ins. Co., 187 Pa. 197.

OPINION BY MR. JUSTICE STEWART, January 2, 1906:

This was an action on a policy of insurance issued by the defendant company on the life of William J. White, brought by plaintiff as guardian of the minor children of the insured. The assignments of error relate to the admission, rejection and sufficiency of evidence. They include nothing beyond.

On the trial, the first offer on the part of the plaintiff, was so much of the statement filed in the case as was not denied in the affidavit of defense. This included the specific averments; that the policy of life insurance in the sum of $5,000 had been issued by the Illinois Life Insurance Company, the defendant, October 15, 1900; that the premium on this policy had been paid up to November 6, 1902, the date of the death of the insured; that proofs of death were made to the company as required by the terms of the policy; and that the policy had not been paid.

The offer was subsequently enlarged so as to include the policy itself. The grounds of objection to this offer were: 1. That on the face of the policy the following language appears: "See copy of application inside and if errors or omissions are found therein note the same and return the same to the Illinois Life Insurance Company, Chicago, Illinois, for correction," and no such application appears upon the paper offered and no explanation for its absence is given. 2. Because it is provided in the policy, that the policy shall not take effect until the first premium has actually been paid in cash, during the lifetime and good health of the insured, and therefore the policy is not competent unless proof is given by the plaintiff that the decedent was in good health at the time.

Although unimportant in this immediate connection, it may be well to state here, that it was at no time alleged that the application referred to had been fraudulently suppressed, or had in fact ever been issued. The fact seems to be that it was originally omitted from the policy by mistake.

With respect to the first objection—The policy of insurance was the basis of the action, and the statement contained an express averment that the copy filed was a true copy of it; and that the insured in his lifetime had performed the conditions and covenants stipulated in said instrument or contract of insurance. The affidavit of defense admitted the issuing of the policy and the contract of insurance as set out in the statute, but alleged, as matter of defense, that the insured had procured the policy to be issued by fraudulent misrepresentations. The affidavit contained no denial, either express or by implication, that the policy was the contract of insurance, and the entire contract. The supplemental affidavit, made by the same officer who made the original, merely averred that the affiant did not know, at the time the original affidavit was made, that the copy of the insured's application was not filed with the copy of the policy. This left the policy as free from objection, as matter of evidence, as any other of the undenied averments of the statement.

The printed notice on the policy, directing attention to the copy of the application inside, did not affect in any way the admissibility of the policy in evidence; nor was the plaintiff bound at this stage of the case to explain the absence of the

application. The court below was not called upon in this inquiry to decide what effect the notice on the face of the policy had upon the rights of the parties themselves, or whether, being there, it imposed any particular duty upon the assured. Nor are we now; the question being as to the admissibility of the policy in evidence. Inasmuch as it was admitted by the pleadings to be the contract of the parties, there is no rule of evidence by which it could have been excluded.

As to the second ground of contention—Even though, as contended, a payment by the insured of the first premium while in good health, was a condition precedent, and the contract of insurance dependant upon its fulfillment, the admission by defendant of the facts set out in the statement, that the insured had performed all things on his part to be fulfilled, the policy, as a matter of evidence, stood clear of all such objection as that urged.

The fourth assignment relates to the rejection of evidence offered on behalf of the defendant. The offer was to show the rejection of William J. White as an applicant for life insurance in the Mutual Benefit Life Insurance Company, of Newark, N. J., to be followed by evidence that, at the time of the application to the defendant company, for the insurance sued for, he represented that he had never been rejected as an applicant for life insurance. Were there nothing more to justify the ruling of the court in rejecting this offer, the fact that it was not proposed to show the identity of the William J. White referred to with the insured in this case, would be quite sufficient. This was the answer made when the objection was stated, and the fact that no amendment of the offer in this regard was proposed, shows that the omission of this from the offer was not accidental. The evidence was properly rejected.

Defendant's next offer was to show, by the medical examiner of the company, that when the insured was examined by him before the policy issued, he was interrogated orally as to whether or not he had any disease of the kidneys, or whether he had ever had any such disease, and that the insured replied orally that he had not. This offer was, in connection with the evidence already in, for the purpose of negativing any inference that might arise in the case, that the risk upon the life of the insured was accepted by the company with the

knowledge that the insured was suffering with kidney disease; and also for the purpose of showing that the insured had procured the policy issued to him, by false and fraudulent misrepresentations as to his physical condition, such misrepresentations relating to a material fact relied on by the defendant.

This offer conflicts directly with the Act of May 11, 1881, P. L. 20, relating to life and fire insurance policies. It is there provided that the application shall not be considered a part of the policy or contract between the parties, unless a correct copy of such application be attached to the policy, and the application in this case was not attached. In the affidavit of defense it was admitted that a written application had been made, in which the very thing here proposed to be shown was inquired of, and written answers in response obtained from the insured. It is to make the act of no effect, to say that it excludes the paper being considered a part of the contract between the parties, but allows proof of what it contains for that very purpose; not only so, but it reverses the established order of proof that always regards the written document as the first and best evidence of the contract, and excludes all other until the writing be introduced, or its absence accounted for. There was no error in the rejection of the evidence.

What we have said applies equally well to the seventh and eighth specifications, which relate to the exclusion of evidence, the purpose of which was, in one case, to introduce the contents of the application paper, and in the other, the paper itself, or so much of it as is entitled "medical examiner's report," containing questions and answers of the insured relating to his physical condition.

The case as tried presented a single issue of fact. One of the terms expressed in the policy was, that it was not to take effect until the first premium had actually been paid in cash during the lifetime and good health of the insured. It was admitted by the pleadings that all the premiums had been paid, but it was attempted to be shown, that when the first premium was paid, the insured was suffering from the malady that finally terminated his life. In this connection, to negative the inference that defendant had waived this condition in the policy, and for this purpose only, defendant was allowed to introduce the insured's application, showing that he there had

represented himself as free from such disease. Defendant's case on this point, rested largely upon the testimony of Dr. Asdale, who was the physician of the insured. He testified that from the examination made by himself of the insured's urine, shortly before the policy was issued, he was satisfied that the insured was the victim then of Bright's disease, from which he died two years later; that this disease was progressive and incurable. The testimony of Dr. Ingram, the medical examiner of the defendant company, the only additional witness, was of little value, since it was not shown with that degree of certainty that the case required, that the urine he examined, and which he considered, showed sure indications of Bright's disease, in the person who voided it, was the urine of the insured. Dr. Asdale had sent it to this witness by the hand of his son, and could not tell whether he himself had received this particular specimen from the insured or whether it was one of several specimens that had been given him by those in charge of his office, during his absence, and which was represented to him as having been left there by the insured for examination. It will be seen that defendant's case upon this point, rested almost entirely upon the testimony of Dr. Asdale.

The case where an assault of this kind could be met by counter expert testimony, would be rare indeed; and it is not surprising that the plaintiff could only meet it by testimony going to the apparent health of the insured. A single witness was called on behalf of the plaintiff—the employer of the insured—who testified to close and intimate relations with the insured, over a long period of years, continuing until the date of his death. He testified that at the time inquired of, the insured's health was good, and that he continued to attend to his duties at the college where he was employed, until a day or two before his death, stating clearly the opportunities he had of knowing the insured's daily condition during all that period. This conflicting testimony was submitted to the jury in an impartial charge, which should have been entirely adequate, addressed to a jury of ordinary intelligence. The submission was a matter of course, and the finding of the jury in favor of the plaintiff was a conclusion that cannot now be disturbed.

All the assignments of error are overruled and the judgment is affirmed.