## Commonwealth v. Kline, Appellant.

*Criminal law—Abortion—Dying statement of woman.*

On the trial of an indictment for abortion against a physician, it is not error to admit as a dying declaration a sworn statement by the woman, made on the same day and a short time before she died, and under the impression that she would not live, setting forth an account of her visit to the office of the defendant, and describing his actions with reference to her.

In such a case the Commonwealth is not required to show that when the statement was presented to the woman for her signature she said that she made it with the belief that she was about to die.

*Criminal law — Indictment — Withdrawal of count — Practice, Q. S.*

On the trial of an indictment for a crime where an offense charged in a second count is included in that charged in the first count, the Commonwealth may, with the permission of the court, withdraw the second count, and such action is not error.

*Criminal law—Trial—Improper remarks of counsel.*

Improper remarks of counsel for the prosecution in a criminal case will not be considered by the appellate court where the objectionable remarks were not presented to the court below by affidavit accompanied by a motion for the withdrawal of a juror.

Argued Nov. 13, 1916. Appeal, No. 317, Oct. T., 1916, by defendant, from judgment of Q. S. Lancaster Co., Jan. T., 1916, No. 24, on verdict of guilty in case of Commonwealth v. D. Frank Kline, M.D. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Indictment for abortion. Before HASSLER, J.

At the trial the court admitted under objection and exception the following statement:

"My name is Pearl Spence. I live 9 Second Street. (Dr. Atlee informs her that she is not going to get well.) Friday November 12, 1915, I went to Dr. Kline's office, corner of Mulberry and Orange Streets. I went there to get rid of a child. He passed an instrument into me and screwed it open, and then passed a sharp instrument into me. Dr. Kline did the same thing again the next Tuesday. I had pain when I went home and the baby came the next Thursday.

| "Sworn and subscribed to before me this 22d day of November, A. D. 1915. W. S. DOEBLER, *Alderman.* | her PEARL X SPENCE." mark |

Witnesses present: H. C. Kinzer, John L. Atlee, Charles J. Shillott.

285, (1917).] Charge of Court below—Arguments.

The court charged as follows:

["She cried; after being quieted she made the statement that is here for your consideration. That she made about two o'clock and she died about seven. If you find that this statement was made with the belief on her part that death was impending, then you may consider it."]  (4)

"During the progress of the argument, Mr. Keller, representing the Commonwealth, in his speech to the jury said: 'If you fail to convict this defendant under the evidence in this case it will be a license to all the abortioners in Lancaster City to commit their offences with impunity.'"

Verdict of guilty upon which the defendant was sentenced to pay a fine of $100, and to undergo imprisonment in the Eastern Penitentiary for not less than five years and not more than six years. Defendant appealed.

*Errors assigned* were (1) in admitting the statement offered in evidence as above; (2) in allowing the Commonwealth to withdraw the second count after the testimony had been closed; (3) in not withdrawing a juror on account of improper remarks of counsel; (4) portion of charge as above quoting it.

*John E. Malone,* with him *C. Reese Eaby,* for appellant, cited: Com. v. Keene, 7 Pa. Superior Ct. 293; McClosky v. Dubois Borough, 4 Pa. Superior Ct. 181; Com. v. Smith, 2 Pa. Superior Ct. 474.

*William H. Keller,* with him *Sumner V. Hosterman,* Assistant District Attorney, and *Cleon N. Berntheizel,* District Attorney, for appellee.—It was not necessary that it should be stated by deceased at that time that the declaration was made under a sense of impending death: Commonwealth v. Winkelman, 12 Pa. Superior Ct. 497; Commonwealth v. De Leo, 242 Pa. 510; Kilpatrick v. Commonwealth, 31 Pa. 198; Commonwealth v. Roddy,

184 Pa. 274; Commonwealth v. Latampa, 226 Pa. 23; Small v. Commonwealth, 91 Pa. 304; Allison v. Commonwealth, 99 Pa. 17.

It is enough if it satisfactorily appears in any mode that the declaration was made under the sense of impending death. The belief of speedy dissolution is the test: Sullivan v. Commonwealth, 93 Pa. 284; Commonwealth v. De Leo, 242 Pa. 510; Commonwealth v. Latampa, 226 Pa. 23; Kehoe v. Commonwealth, 85 Pa. 127.

The Commonwealth had the right to withdraw the second count in the indictment from the consideration of the jury: Krause v. Commonwealth, 93 Pa. 418; Pauli v. Commonwealth, 89 Pa. 432; Commonwealth v. Barrett, 28 Pa. Superior Ct. 112; Commonwealth v. Gouger, 21 Pa. Superior Ct. 217; Commonwealth v. Schoen, 25 Pa. Superior Ct. 211; Com. v. Hill, 2 Pearson 432; Rosemberger v. Com., 118 Pa. 77; Harman v. Com., 12 S. & R. 68; Henwood v. Com., 52 Pa. 424.

OPINION BY HENDERSON, J., March 7, 1917:

The argument in behalf of the appellant covers the subjects of complaint set forth in four assignments of error. The first relates to the admission of an ante mortem statement made by the young woman on whom as charged in the first count of the indictment the abortion was committed. The learned trial judge considered the statement competent evidence but submitted to the jury the question whether it was made in the belief of impending death. That it was admissible under the Act of June 26, 1895, P. L. 387, we have no doubt. It was made the same day and a short time before the young woman died. It recites the object of her visit to the office of the defendant, describes his actions with reference to her on each of the two visits which she made to him and the results immediately following the last visit. She was shown to be of sound mind at the time the statement was made and the evidence that she was under the impression she could not live was sufficient to render

the paper competent as a dying declaration.   The Commonwealth was not required to show that when the statement was given the declarant said she made it with the belief that she was about to die.   It may be otherwise shown that she made the declaration with that belief: Com. v. De Leo, 242 Pa. 510.   It was supported by the corroborating evidence of the physicians who examined the girl and who testified that her condition satisfied them an abortion had been committed by the use of an instrument.   The corroboration offered related to the principal question involved and tended to connect the defendant with the offense.   He admitted that Pearl Spence had visited his office and that he had treated her but he assigned a different cause for his treatment and a different method than that described in the girl's statement.   The testimony of the physicians called by the Commonwealth strongly corroborated the theory of the prosecution that death was caused by the attempt to produce a miscarriage.   Such corroboration was sufficient under the act of assembly to support a conviction.

The withdrawal of the second count of the indictment before judgment with the permission of the court was in accordance with abundant authority.   The entering of a nolle prosequi is at common law a prerogative of the executive and may be entered at any time before judgment.   It was developed in the progress of the trial that the offense charged in the second count was included in that charged in the first count; it was proper, therefore, that the second count be withdrawn.   If that had not been done however, it would have been competent for the court to have pronounced judgment on the first count alone.   There is no doubt that where a conviction is on several counts the court may pass sentence on one and disregard the others:  Henwood v. Com., 52 Pa. 424; Harmon v. Com., 12 S. & R. 68.   The defendant was in no way prejudiced by the withdrawal of the count and has no cause of complaint that the jury was not permitted to pass on that also.

The matter complained of in the third assignment is not properly brought on the record. The objectionable remarks were not presented to the court by affidavit accompanied by a motion for the withdrawal of a juror which was refused by the court and to which refusal an exception was allowed. The proper practice in such a case is given in Com. v. Weber, 36 W. N. C. 193, and in Guckavan v. Lehigh Trac. Co., 203 Pa. 521. The record here does not disclose that a request was made to the court to withdraw a juror on account of the remarks objected to, that the request was refused by the court and that an exception was taken to such refusal. On such a state of the record there is nothing before us for consideration. We have, however, considered the language attributed to the counsel for the prosecution and are of the opinion that the learned trial judge properly interpreted it in disposing of the motion for a new trial. The fourth assignment is not pressed in the argument and is not of such importance as to call for discussion. On the whole record we find nothing which would justify a reversal of the judgment.

The judgment is affirmed and the record remitted to the court below to the end that the sentence of the court may be carried into effect.