## Commonwealth *v.* Shearer, Appellant.

*Criminal law—Abortion—Antemortem statement—Admissibility*
*—Corroboration—Act of June 26, 1895, P. L. 387.*

In the trial of an indictment for procuring an abortion, the antemortem statements of the woman operated upon are admissible in evidence under the provisions of the Act of June 26, 1895, P. L. 387. The act further provides that "No conviction shall be had upon the uncorroborated declaration of such woman." To sustain a conviction it is not sufficient to merely prove the antemortem statement. It must also be corroborated by evidence which relates to the fact of the crime and to the participation of the defendant therein. While it is not necessary that every particular of the statement shall be established by independent proof, it is required that evidence be introduced corroborating in a material way the averments of the statement.

Where such statement is not corroborated as required by the statute, the defendant is entitled to binding instructions in his favor.

KELLER, J., and ORLADY, P. J., dissent.

Argued November 14, 1923. Appeal, No. 13, March T., 1924, by defendant, from judgment of Q. S. Dauphin Co., June Sessions, 1922, No. 94, on verdict of guilty, in the case of Commonwealth of Pennsylvania v. A. L. Shearer. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Indictment for procuring an abortion. Before HARGEST, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed. Defendant appealed.

*Errors assigned* were the admission of the antemortem statement, various rulings on evidence, the charge of the court and refusal to direct a verdict in favor of defendant.

*Michael E. Stroup,* for appellant.—The antemortem statement of the woman was uncorroborated in material details: Com. v. Weaver, 61 Pa. Superior Ct. 571; Watson v. Com. 95 Pa. 418; Com. v. Keene, 7 Pa. Superior Ct. 293.

*Philip S. Moyer,* District Attorney, for appellee, cited: Com. v. Keene, 7 Pa. Superior Ct. 293; Com. v. Weaver, 61 Pa. Superior Ct. 571; Com. v. Kline, 66 Pa. Superior Ct. 285; Brown v. Schock, 77 Pa. 471.

OPINION BY HENDERSON, J., December 15, 1923:

The defendant was indicted for procuring an abortion. He is a physician practicing in the City of Harrisburg. It was charged in the indictment that he performed an

operation on one Lucy Strauss with intent to produce an abortion. The court having refused a motion for a new trial this appeal was taken. Evidence for the Commonwealth consisted of an antemortem statement made by the young woman and testimony tending to show that an abortion had been produced by the use of an instrument. The defendant denied that he had performed the act charged and alleged that he did not see the young woman at the time the operation was said to have been performed. The principal contention in the case was whether the evidence identified the defendant as the person who had committed the offense. The antemortem statement was written and presented to the young woman for her signature a short time before she died. In it she said that she had an operation performed by Dr. Shearer at Harrisburg, Pa., in his office on Saturday evening, October 15, 1921. She lived in Lebanon County, and it does not appear that she knew or ever had seen Dr. Shearer up to the time referred to in the statement. No witness was called who corroborated her with reference to the identity of the defendant or his participation in the act referred to in the statement. The whole case for the Commonwealth, so far as the connection of the defendant with the facts is concerned, rests on the antemortem statement. The Act of June 26, 1895, P. L. 387, which makes such a statement competent evidence contains the proviso that, "no conviction shall be had upon the uncorroborated declaration of such woman." It was not sufficient, therefore, to prove the antemortem statement. If we assume that the declarant knew the defendant and referred to him in her statement it is reasonable to hold that the corroboration called for by the statute must relate not only to the fact of the crime but to the participation of the defendant therein. While it is not necessary that every particular of the statement be established by independent proof, it is required that evidence be introduced corroborating in a material way the averments of the statement. We held in Com. v. Keen, 7

Pa. Superior Ct. 293, in a case involving a similar charge that it [an antemortem statement] should not merely tend to prove that an offense had been committed but also tend to identify the defendant as the criminal or show his connection with the offense; and this was also held in Com. v. Kline, 66 Pa. Superior Ct. 285. In Watson v. Com., 95 Pa. 424, the subject of the corroboration of an accomplice was considered and it was there said, "It is almost the universal opinion that the testimony of the accomplice should be corroborated as to the person of the prisoner against whom he speaks. Some fact should be proved by testimony independent of the accomplice, which taken by itself leads to the inference not only that a crime has been committed, but that the prisoner is implicated in it. To prove that the accomplice had told the truth in relation to irrelevant and immaterial matters which were known to everybody would have no tendency to confirm his testimony involving the guilt of the party on trial." While the young woman in this case was not an accomplice the reason of the rule above stated applies with equal force, to her statement for it is without weight in the trial of a case unless corroborated as required by the statute. It was thought by the learned trial judge that there was corroboration in the fact that the defendant had been the physician of Heffelfinger, who was named in the statement as the person who was present with her at Dr. Shearer's office, but we regard the inference from that fact as too remote and extreme to be properly considered as corroboration of the act charged in the indictment. It does appear in the testimony that on one or more occasions, at times not stated, Heffelfinger had consulted the defendant personally, but there is no connection between those transactions and the charge now brought against the defendant. If, as the legislature intended, the antemortem statements should not be deemed sufficient evidence to support a conviction and that it must be corroborated, the conclusion seems unavoidable that the corroboration must

relate to the guilt of the defendant and not simply to the commission of a crime: Roscoes Cr. Evidence, 120; Com. v. Bosworth, 22 Pickering 397; State v. Stewart, 52 Washington 61; Wharton Cr. Evidence, (10th Ed.) section 442. We have examined the evidence with care with a view to ascertaining what facts were disclosed which would support the antemortem statement with reference to the defendant, but there appears to be no corroboration except identity of name, and that clearly is insufficient: Fidelity Title and Trust Co. v. Illinois Life Insurance Co., 213 Pa. 425. The learned trial judge correctly instructed the jury that the evidence should not merely tend to prove that an offense had been committed, but should also tend to establish the identity of the defendant as the criminal. The jury was then instructed to determine how far the declaration had been corroborated. This left wide latitude to the jury to determine what corroboration was and how it would be applied. But if there was no competent corroboration the defendant was entitled to the benefit of instruction to that effect. As there was no such evidence as was requisite to support a conviction, the defendant was entitled to instructions to that effect.

We are therefore required to reverse the judgment.

Judgment is reversed and the defendant discharged from his recognizance.

DISSENTING OPINION BY KELLER, J.:

Until 1895 the dying declaration of a woman upon whom a criminal abortion had been committed was not admissible in evidence in a prosecution for such crime. The Act of June 26, 1895, P. L. 387, changed this; but expressly provided "that no conviction shall be had upon the uncorroborated declaration of such woman." To my mind this means just what it says—that the Commonwealth cannot convict a defendant charged with such crime by offering in evidence such dying declaration only and then resting; it must be corroborated.

Just how, or to what extent, it must be corroborated the act does not say. There is no provision in the statute that the dying declaration must be corroborated in every material point, or that as to both the act and the person who committed it corroboration is required. The legislature probably recognized that a crime of this nature was rarely committed in the presence of witnesses, but rather was done secretly and under cover, and therefore intended to provide that if the declaration was corroborated in any material particular the jury had a right to pass upon the truth of the whole declaration and convict upon the evidence of such declaration and such corroborating or supporting proof. In my judgment the word "uncorroborated" is used in its general or ordinary sense, as distinguished from its special or technical meaning, and the requirement of the act is complied with if in addition to the dying declaration there is evidence corroborating it in any material respect, whether such "evidence goes directly to the issue or necessary legal elements in the case, or to give solidity to a link merely in the chain of proof": see Corpus Juris, Vol. 14A, p. 1428, note 22 (b).

There was evidence in this case which corroborated in some material respects the dying declaration of the unfortunate victim. An examination of her person showed that an instrumental abortion had been performed upon her in just the manner stated by her. It was also proven that she had left her home to go to Harrisburg in company with Heffelfinger, who arranged for the abortion, on the day stated by her; that she left on that occasion in apparent good health and returned several days later in a practically dying condition; that the defendant was a practicing physician in Harrisburg and was Heffelfinger's physician, and that there was no other Dr. Shearer in the City of Harrisburg but him.

The statements made by the girl in her dying declaration being thus corroborated in some material particulars, the proviso in the act of assembly was complied

with, and the jury having thus tested the truth of her declaration in material respects had a right to pass upon the truth of the remaining portions of the declaration and convict the defendant if they believed her.

. To add to the provisions of the act and require corroboration as to both the act and the actor,—the deed and the doer,—thus in effect insisting on corroboration upon all material points, is to write into the act what is not there and to ordain judge-made law, always to be avoided.

It is true that in Com. v. Keene, 7 Pa. Superior Ct. 293, 302, this court said: "It [the corroborating evidence] should not merely tend to prove that an offense has been committed but should also tend to identify the defendant as the criminal or to show his connection with the offense." But that was not the point actually involved in that case. The defendant there had admittedly treated the girl; the question was whether a criminal abortion had been committed. But this court also said in that case, what is unquestionably the law: "The statute does not require that every detail of the ante mortem statement shall be established by independent proof or that the evidence shall be sufficient to convict without the aid of the statement. The evidence in corroboration should relate to some portion of the testimony which is material to the issue, but need not extend to every material fact," p. 302. If corroboration is required as to both the abortion and the person who committed it, it is required as to all material particulars for there are no material facts beyond these.

In Cox v. Com., 125 Pa. 94, an abortion case decided before the Act of 1895, but which involved the corroboration of an accomplice, the court below was asked to charge the jury as follows: "Corroborating evidence must not only be as to the commission of the offense by somebody, but must also be a corroboration of the fact that Dr. Cox committed it." The court answered the point: "I cannot affirm this point, but say to you that

there must be a corroboration of the testimony of the witness Evans in a material part" (p. 100), and the Supreme Court affirmed, saying that "the learned judge went beyond the law, in favor of the defendant" (p. 103).

The majority opinion writes into the Act of 1895 what is not there and requires what it is not possible for the Commonwealth to produce in most of such prosecutions.

The result in this case is so anomalous—the doctor who actually performed the abortion is discharged while the man who employed him to do it stands convicted— that I feel we should disregard previous dicta and go back to the language of the statute itself and not add provisions, which would render it practically of little use in prosecutions for abortion.

I would affirm the judgment.

President Judge ORLADY authorizes me to say that he concurs in this opinion.