## DE ROY v. NEW YORK LIFE INS. CO.
### No. 4757.

Circuit Court of Appeals, Third Circuit.

Sept. 27, 1932.

J. F. Callahan and Neeper & Callahan, all of Pittsburgh, Pa., for appellant.

Wm. H. Eckert, of Pittsburgh, Pa., Louis H. Cooke, of New York City, and Smith, Buchanan, Scott & Gordon, of Pittsburgh, Pa., for appellee.

Before WOOLLEY, DAVIS, and THOMPSON, Circuit Judges.

DAVIS, Circuit Judge.

This action was brought by the beneficiary, Mrs. De Roy, to recover the full value of two policies of insurance on the life of her husband. The trial judge directed a verdict for her only for the amount of the premiums paid on the policies. The beneficiary moved for a new trial, which was refused by the learned District Judge for the principal reason that the company was induced to issue the policies by deception and fraud. 52 F. (2d) 894.

It appears that, when the insured, the husband of the beneficiary, applied for the two policies in suit, he was then insured to so large an amount by the defendant-appellee that he was required by its rules to submit to two physical examinations before his applications would be considered. The results of these separate examinations were written on identical form blanks, supplied by the insurer, and the answers recorded in both cases were exactly the same. But the policies delivered to the insured contained a copy of the results of only one of the examinations.

The insured stated in both examinations that he had neither suffered from, nor consulted a physician for, any ailment or disease of the heart or blood vessels; that he had not been examined or treated by a physician within the past five years; that he had never consulted a physician for any ailment or disease not recorded in the applications; and that he had not been under observation in any hospital (except for a cause not relevant here).

In fact, during the seven months preceding his applications for the insurance, Mr. De Roy had been dangerously ill and was fully aware of his condition. Unquestionably he had consulted or was treated by at least five physicians over one hundred times during that period for what had been diagnosed as a progressive heart disease by all but one physician, who was of the opinion that his ailment was in his gall bladder. It appears that, if the patient chose to conceal his history and manifestations, the heart disease would not ordinarily be revealed by the stethoscope, used in the usual, perfunctory insurance examinations, unless an attack came on during observation.

The insured died a few months after the policies were issued. In the opinion of his physicians, and another who made an autopsy, his death was caused by angina pectoris.

The lower court sustained the defense that the policies had been obtained by false and fraudulent representations. The beneficiary insists that the law of Pennsylvania forbade the trial court to receive or consider the application and single medical examination attached to the policies, for the reason that a copy of only one of the two examinations required by the rules of the company was incorporated in them, and that in such case the court could not admit evidence of fraud.

But the Act of Pennsylvania of May 17, 1921, P. L. 682, article 3, § 318 (40 PS § 441), was obviously not intended to cover the circumstances of this case. It provides that "all insurance policies * * * in which the application of the insured, * * * [forms] part of the policy or contract * * * shall contain * * * correct copies of the application * * *; and, unless * * * accompanying the policy, no such application * * * shall be received in evidence in any controversy between the parties to, or interested in, the policy, nor shall such application * * * be considered a part of the policy or contract between such parties."

Conceding that the act applies to a case where a contract of insurance has been obtained by fraud, Morris v. State Mutual Life Assurance Company, 183 Pa. 563, 39 A. 52, its purpose, which is to prevent the insurer from misleading an applicant by putting lengthy and complex questions to him without an opportunity to correct himself at his leisure, has been fulfilled here, Lenox v. Greenwich Insurance Company, 165 Pa. 575, 30 A. 940, for all the provisions of the contracts upon which the insurer relied to show fraud are incorporated in the contracts sued upon. It is true that a copy of the second medical examination was not included in the policies; but the insurer does not attempt to defend on the facts contained in that examination or on the ground that the facts were different from those contained in the first examination, which was included in the policies and was properly before the court.

No reason appears why the results of the second examination should be incorporated in the policies, for they are identical with those of the first examination, nor why the first examination, which is part of the contracts, should be void, because of the failure of the insurer to incorporate the same facts a second time in the contracts. To do so would be a useless thing. The insurer has complied with the provisions of the statute both in letter and spirit.

In support of its argument, the beneficiary cites Southside Trust Company v. Eureka Life Insurance Company, 74 Pa. Super.

Ct. 566; Morris v. State Mutual Life Assurance Company, supra; Fidelity Title & Trust Company v. Illinois Life Insurance Company, 213 Pa. 415, 63 A. 51. It is unnecessary to say more than that in those cases the insurer's defense was not sustained because it had failed to attach to, or include in, the policies in question any copy whatsoever of the application or medical examination relied upon; while, in the case at bar, the insurer is relying upon the facts contained in a correct copy of an application that is a part of both policies.

The judgment of the District Court is affirmed.