## Commonwealth v. Smith

*William A. Sykes*, District Attorney, and *Lavelle A. Wilson*, for Commonwealth.

*Jesse P. Long* and *James H. Prothero*, for defendant.

LONG, P. J., November 4, 1949.—Defendant was arrested on a charge of perjury by virtue of an information made by Elizabeth Jane Woleslagle Smith. An indictment was submitted to the grand jury on August 29, 1949, and, after hearing, a true bill was found. On the back of the indictment it appears that Elizabeth Jane Woleslagle Smith was sworn as a witness. Defendant's counsel have filed three reasons why the indictment should be quashed, only one of which we need consider at this time. It reads as follows: "That Elizabeth Jane Woleslagle Smith appears, from the list of witnesses set forth on the back of the indictment, to have been sworn before the grand jury, in violation of section 1 of the Act of April 27, 1909, P. L. 179, as amended by section 1 of the Act of May 11, 1911, P. L. 269, 19 PS §683."

The Act of May 23, 1887, P. L. 158, sec. 2(*b*), as amended by the Act of May 11, 1911, P. L. 269, 19 PS §683, provides:

"Nor shall husband and wife be competent or permitted to testify against each other, or in support of a criminal charge of adultery alleged to have been committed by or with the other, except that in proceedings for desertion and maintenance, and in any criminal proceeding against either for bodily injury or violence attempted, done or threatened upon the other, each shall be a competent witness against the other, and except also that either shall be competent merely to prove the fact of marriage in support of a criminal charge of *adultery* or *bigamy* alleged to have been committed by or with the other." See Commonwealth v. Barr, 25 Pa. Superior Ct. 609; Commonwealth v. J. and M. Cartusciello, 100 Pa. Superior Ct. 473, 481.

On the argument of the motion to quash the learned district attorney was frank to state that Elizabeth Jane Woleslagle Smith, the informant and the person sworn to testify before the grand jury, was the wife of defendant and that she and defendant had been married in this county in the year 1944. The learned private counsel for Elizabeth Jane Woleslagle Smith contended that she was a competent witness for the Commonwealth before the grand jury and gave as his reason therefor that the marriage between Elizabeth Jane Woleslagle Smith and defendant is void. He requested the court to consider an exemplified record of the Court of New Castle County, Del., wherein it appears that one named Elizabeth J. Smith petitioned that court for a decree against William O. Smith, which petition was so proceeded in that on January 3, 1944, it was "ordered, adjudged and decreed that Elizabeth J. Smith and William O. Smith be and they are hereby divorced from the bonds of matrimony heretofore ex-

isting between them, and this decree shall become absolute after the expiration of one year from the entry thereof, unless appealed from, or proceedings for review are pending, or the Court before the expiration of said period for sufficient cause otherwise orders", and that on January 4, 1945, that court "ordered, adjudged and decreed that said decree nisi be and remain final and absolute".

The name "Smith" is a very common one. On the date in question New Castle County, Del., had a population exceeding 100,000. The name of plaintiff in the Delaware divorce decree was Elizabeth J. Smith. The name of the witness and the person who married defendant in this county is Elizabeth Jane Woleslagle Smith. The name of defendant in the Delaware decree is William O. Smith, whereas the name of defendant and the man who married Elizabeth Jane Woleslagle Smith is William Oran Smith. The names of the parties in the Delaware proceedings are not identical with those of prosecutrix and defendant in the instant case. Identity of names is insufficient. See Fidelity Title & Trust Co. v. Illinois Life Insurance Co., 213 Pa. 415; Commonwealth v. Shearer, 82 Pa. Superior Ct. 355.

There is no competent testimony before us establishing the fact that this defendant ever resided in the State of Delaware or was ever married to any person, except prosecutrix and witness, Elizabeth Jane Woleslagle Smith. Assuming, but not deciding, for lack of competent evidence, that William Oran Smith and William O. Smith are one and the same person and that Elizabeth J. Smith and William Oran Smith were lawfully married prior to 1943 and that a decree in divorce nisi was entered on January 3, 1944, by the Court of New Castle County, Del., we are not, from the record in the present proceedings, able to state that the marriage between this defendant and Elizabeth Jane

Woleslagle Smith on September 19, 1944, and their marriage status thereafter up to and including August 29, 1949, the date of the finding of this indictment, was null and void. See 15 Standard Pa. Practice 530; Commonwealth v. Smith, 7 D. & C. 658, and cases cited therein.

We are constrained to decide that Elizabeth Jane Woleslagle Smith was an incompetent witness to testify against her husband in the above-stated case. Therefore, we make the following

### Order

And now, November 4, 1949, after due and careful consideration, motion to quash indictment is sustained and the indictment is quashed.